BISHOP v. BISHOP.

1. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES.

In proceeding to amend decree of divorce, awarding custody of 6-year old boy and 10-year old girl to mother and father respectively, in accordance with agreement of the parties, so as to give mother custody of girl also, change of circumstances showing each parent had remarried shortly after divorce and established new homes *held*, insufficient to warrant change of custody of girl.

2. Same—Amendment of Decree—Custody of Children—Notice of Hearing—Investigation by Prosecuting Attorney.

Amendment of divorce decree which had awarded custody of 6-year old son to mother and 10-year old daughter to father who had secured good care for her with his parents, so as to give mother who had remarried and established a home outside of the State the additional custody of daughter *held*, error where notice of the motion to amend was served before the hearing one day less than required by court rule and prevented either the appearance of defendant's former counsel or any investigation by prosecuting attorney of mother's new home and surroundings or of the character of her new husband, notwithstanding wife was in a hurry to get away and judge wanted to go on vacation (Court Rule No. 10, § 2 [1933]).

3. Same—Custody of Children—Investigation by Prosecuting Attorney.

On mother's petition to amend decree of divorce so as to give her custody of 10-year old girl, the welfare of the child is of first importance and requires that ample time be afforded for investigation by the prosecuting attorney relative to matters affecting the child's welfare such as her new home and surroundings out of the State and character of new husband mother married shortly after divorce.

4. Same—Costs.

On husband's appeal from order amending decree so as to give custody of other child to wife, no costs are awarded husband where order amending decree is reversed but wife's motion for $35 expense money and $150 attorney fees on appeal is denied.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 11, 1938. (Docket No. 103, Calendar No. 40,275.) Decided November 10, 1938.

Divorce proceedings between Della Bishop and Martin E. Bishop. On petition by plaintiff for modification of decree as to custody of minor child. Decree amended. Defendant appeals. Reversed.

*Allaben & Wiarda,* for plaintiff.

*Clifford A. Mitts, Jr.,* and *Robert A. May,* for defendant.

WIEST, C. J.   This is an appeal from an amendment to a decree of divorce changing the custody of one child.   Under the decree divorcing the parties, entered May 24, 1937, plaintiff was given the care, custody and education of their 6-year old son, and defendant that of their 10-year old daughter.   This disposition was in accord with the agreement of the parties.   Plaintiff left the State, taking the boy with her and, 25 days after the divorce, married a divorced man, with whom she is now living in the city of Baltimore, Maryland.   Defendant resides in this State and had the daughter well cared for by his parents.   Thirty-three days after the divorce defendant married a divorced woman, who had three children, and with whom he is now living in this State.   In July, 1938, plaintiff moved the court to amend the decree and give her the custody of the girl.   Notice of the motion was served three days before the hearing.   Court Rule No. 10, § 2 (1933), required four days' notice and for that reason counsel, appearing specially for defendant, objected to the hearing, and asked for further time to enable the former counsel, representing the defendant in the divorce suit and who was in the northern part of the State, to be present.   The court refused postponement and proceeded with the hearing, and witnesses, including plaintiff, defendant and his father and mother, gave testimony.   The court amended the decree and gave plaintiff the custody of the daughter.

Defendant appeals, claiming want of proper notice of the hearing, failure of plaintiff to serve the motion on the prosecuting attorney and also that the evidence did not justify change of custody.

The testimony has been read and fails to disclose any change of circumstances since the decree beyond change of desire of the mother and she now has a home.

The notice of hearing on the petition was short of the time required by rule and prevented any investigation of the home and surroundings of the mother in Baltimore, or of the character of her new husband. Investigation should have been made relative to such matters for the welfare of the child was of first importance. To such end notice should have been given to the prosecuting attorney and ample time afforded him to investigate and advise the court.

The child was being well cared for in this State.

The fact that the mother was in a hurry to return to Baltimore and that the judge was to start on his vacation the day following that fixed for the hearing did not excuse the short notice or justify refusal to grant further time. We feel that further investigation should be made and to that end the amendment to the decree is set aside and the matter remanded to the court below for rehearing at which the prosecuting attorney should be asked to appear.

The motion of plaintiff in this court for $35 expense money and $150 for attorney fees on this appeal, under the circumstances mentioned, is denied and, considering such denial, defendant will not recover costs.

Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.