JERNIGAN *v.* JERNIGAN.

1. DIVORCE—CHILDREN—WAIVER OF JURISDICTION—PROBATE COURT OF ANOTHER COUNTY.

The statute authorizing a court in which suit for divorce is pending to waive jurisdiction over minor children under the age of 17 to the probate court does not restrict the waiver to the probate court of the county in which the suit for divorce is pending, hence, it was not improper for the divorce court to waive jurisdiction to the probate court of the county of the child's residence (CL 1948, § 552.16).

2. SAME—CUSTODY OF CHILDREN—NOTICE TO PROSECUTING ATTORNEY.

Notice to the prosecuting attorney of a petition to amend decree of divorce as to custody of a minor child is a mandatory statutory requirement (CL 1948, § 552.45).

3. JUDGMENT — COLLATERAL ATTACK — ADOPTION — JURISDICTION OF PROBATE COURT.

The question of collateral attack upon an order of adoption of the probate court of Allegan county is not available to defendant wife, where the Allegan probate court had no jurisdiction over child involved as no notice had been given the prosecuting attorney of Kent county of the petition to amend the decree in the divorce proceeding there so as to waive jurisdiction over the child to the probate court of Allegan county in which the child was then a resident.

4. COURTS—JURISDICTION.

A question as to the jurisdiction of a probate court over a child is a matter which can be raised at any time.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 674.
[2] 17 Am Jur, Divorce and Separation § 431; 19 Am Jur, Equity § 417.
[3] 31 Am Jur, Judgments § 576 *et seq.*
[4] 1 Am Jur, Adoption of Children §§ 31, 75.

Appeal from Superior Court for the City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 6, 1955. (Docket No. 43, Calendar No. 46,597.) Decided December 28, 1955.

In proceedings subsequent to divorce between Curtis Jernigan and Edna Jernigan, the plaintiff petitioned court to modify decree to set aside waiver permitting adoption, asking court to resume jurisdiction over minor child. Petition denied. Plaintiff appeals. Reversed and remanded.

*Bergstrom, Slykhouse & Murphy* (*Leo W. Hoffman* and *Frederick D. McDonald,* of counsel), for plaintiff.

REID, J. On August 12, 1952, plaintiff Curtis Jernigan filed a bill of complaint for divorce in the superior court for the city of Grand Rapids. The prosecuting attorney of Kent county entered his appearance on August 18, 1952. On October 1, 1952, defendant filed her answer and cross bill of complaint for divorce. On January 19, 1953, a decree of divorce was entered granting a divorce to defendant on her cross bill and giving custody and control of the minor child of the marriage to defendant, with visitation rights to plaintiff, and award of $15 per week to defendant for support of child. August 6, 1953, defendant petitioned the court for an order to show cause why the decree of divorce should not be amended, waiving the jurisdiction of the minor child to the probate court for the county of Allegan. The defendant at the time of the granting of the divorce was a resident of Allegan county and the support money for the child was ordered in the decree to be mailed to her at her address in Allegan county. September 21, 1953, the trial court made an order amending the

decree, waiving jurisdiction of the child to the probate court for the county of Allegan. The prosecuting attorney of Kent county did not file any appearance in the proceeding for the amendment of the decree and no proof of service is on file of notice requiring him to enter an appearance in that particular proceeding. The order amending the decree does not recite any recommendation by the friend of the court and there is not on file in the lower court any showing that there was an investigation by the friend of the court, of the matter of waiving jurisdiction to probate court.

Plaintiff on December 9, 1954, filed a petition with the superior court of the city of Grand Rapids for the court to assume jurisdiction over the minor child, declare void the adoption of the minor child of the parties which had occurred in the meantime with approval of the Allegan county probate court, to restore to plaintiff his visitation rights, and to restore the name of the minor child to Ernest Dale Jernigan. The opinion of the trial court was filed February 14, 1955, and based upon the opinion, the order of the court dismissing plaintiff husband's petition for reassumption of jurisdiction was filed March 4, 1955. For the purpose of indicating recited facts, we quote from the trial court's opinion the following:

"On August 6, 1953 the defendant filed a petition wherein she alleged that the plaintiff was in arrears in the payment of support in the sum of $360, and further stated that she had remarried and prayed that the decree be amended, waiving jurisdiction of the minor child to the probate court of Allegan county where the child then resided. The petition and the order to show cause was served on the plaintiff in the Kent county jail where he was then detained. The hearing was noticed for September 4th and came on to be heard. Plaintiff was not present,

he being then still in. the Kent county jail. Thereafter on motion of counsel for the defendant, the decree was amended as follows:

" 'That the jurisdiction of Ernest Dale Jernigan, the minor child of the parties hereto, be and is hereby waived to the probate court for the county of Allegan for appropriate disposition.

·· " 'It is further ordered and this court does determine from the testimony and records and files that there is now due and owing for back alimony the sum of $450 from the plaintiff and cross defendant, Curtis Jernigan to the defendant and cross plaintiff, Edna Jernigan.'

"On October 22, 1953, the probate court of Allegan county filed a petition therein alleging that the minor child was without support which petition was filed under and by virtue of the provisions of chapter 12 of PA 1939, No 288, as amended,* and issued a summons directing the plaintiff and defendant to appear in said court on October 30, 1953. A copy of the summons was served on the plaintiff and he had by that time provided bail and was at liberty thereon.

"It appears that plaintiff consulted his attorney and that the proceedings were adjourned but that on November 6, 1953, the probate court terminated plaintiff's rights. That thereafter a petition was filed in that court by the defendant and her husband to adopt said child, and on February 4, 1954 an order of adoption was entered. That thereafter and on December 9, 1954, plaintiff filed his petition in this court, setting forth the above proceedings and alleging that the probate court of Allegan was without jurisdiction on the following grounds:

"1. That the order waiving jurisdiction was void as no notice of the filing of the petition was served on the prosecuting attorney of Kent county.

"2. That this court could not waive jurisdiction to Allegan county but only to Kent county.

* Now Chapter 12A, see CL 1948 and CLS 1952, §§ 712A.1–712A.28 (Stat Ann 1951 Cum Supp §§ 27.3178[598.1]–27.3178[598.28]).—Reporter.

"3. That the adoption proceedings in Allegan county are void.

"It is therefore apparent that what the plaintiff is attempting to do in this petition is to attack collaterally the proceedings in the probate court of Allegan county by having this court determine that the waiver of jurisdiction was void upon the basis of the reasons above set forth."

CL 1948, § 552.45 (Stat Ann § 25.121) provides, in part:

"It shall be the duty of said prosecuting attorney to enter his appearance in said cause, and when, in his judgment, the interest of said children or the public good so requires, he shall introduce evidence and appear at the hearing and oppose the granting of a decree of divorce."

The statute, CL 1948, § 552.16 (Stat Ann 1953 Cum Supp § 25.96) provides, in part, as follows:

"That the court is hereby authorized to waive jurisdiction of any minor children under the age of 17 in the decree of divorce, or after the decree of divorce, to the probate court of the county to be governed by the laws of this State with respect to dependent and neglected children under the age of 17 years."

It is the claim of the plaintiff Curtis Jernigan that the words, "waive jurisdiction of any minor children under the age of 17 in the decree of divorce, or after the decree of divorce, to the probate court of the county," mean, of the county in which the circuit (or superior) court is located. Plaintiff husband contends that the failure to notify the prosecuting attorney for Kent county of the proceeding to amend the decree and failure to have an investigation as to the necessity for waiver of jurisdiction to probate court, render the order amending the decree to waive

jurisdiction to the probate court of Allegan county, null and void and of no force or effect.

It is to be noted that the statute does not specifically say, the county in which the divorce court is situated, or, in which the divorce court is exercising its jurisdiction in the particular. case.

In the instant case, on the trial of the main case, the prosecuting attorney of Kent county had appeared. When the decree of divorce was entered, the residence of the child was legally transferred by that decree from Kent county to Allegan county, where his mother was residing to whom his custody was by that decree granted.

We consider that the words "the county" in the quoted statute can fairly be construed to mean, the county in which the child is a resident. If by any means the residence of the mother had been in a distant part of the State, then the circumstances surrounding the child's care, custody and maintenance and as he grew older, concerning his conduct, should be more properly under the surveillance of the probate court of the county in which he was a legal resident. The circumstances of the child and all that concern his welfare would probably be more readily and more accurately determined in the county of his residence than in some other county in which the divorce decree had been granted. It was properly within the discretion of the trial court to determine whether the probate court for Allegan county was the appropriate court to which he should waive jurisdiction.

In *Bishop* v. *Bishop,* 286 Mich 567, in a proceeding to modify a divorce decree where interests of minor were involved, we say, at p 570:

"Notice should have been given to the prosecuting attorney and ample time afforded him to investigate and advise the court."

See, also, *McClellan* v. *McClellan,* 290 Mich 680 (127 ALR 731), in the *per curiam,* p 682.

See, also, *Geark* v. *Geark,* 318 Mich 614, in which case we say, p 618:

"No notice was given to the prosecuting attorney. He should have been notified of the hearing to modify the decree and afforded opportunity for investigation. *Bishop* v. *Bishop,* 286 Mich 567. These children are wards of the court and the right of the State is superior to that of the parents. *Wallace* v. *Wallace,* 310 Mich 30."

See, also, *Mayo* v. *Mayo,* 331 Mich 96 (syllabus 3):

"Notice to the prosecuting attorney of petition to amend a decree of divorce as to the custody of a minor child is a mandatory statutory requirement."

Notice to the prosecuting attorney of Kent county was necessary to the validity of the proceeding to waive jurisdiction. The question of collateral attack on the order of the probate court of Allegan county is not available to defendant because the jurisdictional defect of not notifying the Kent county prosecutor renders the order of the trial court void and such jurisdictional question can be raised at any time. See *In re Ives,* 314 Mich 690.

The order amending the decree of divorce is reversed. The matter is remanded to the trial court with instruction to set aside its order waiving jurisdiction of the child and resume the hearing on the petition for waiver of such jurisdiction after sufficient notice to the prosecuting attorney for Kent county.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.