## YOUNG *v.* YOUNG.

1. DIVORCE—APPEAL AND ERROR—FINDINGS OF TRIAL COURT.

Special consideration is given by Court of Appeals to the findings of the trial court in a divorce case, since the findings are so largely based upon the credibility of the witnesses; a reviewing court ought not to reverse the determination of the trial court in such a case unless it is convinced that it must have reached a different result had it occupied the position of the lower court, under like circumstances.

2. SAME—APPEAL AND ERROR—CUSTODY OF CHILDREN—DISCRETION.

Change of custody of children aged 5 and 7 to defendant father from plaintiff mother on her petition to modify judgment of divorce alleging father had beaten 1 child while in his home, upon finding of court that in fact the beating was done while the child was with plaintiff *held*, not an abuse of discretion where transcript indicates strong overtones of feeling, action, and reaction on the part of plaintiff's witnesses which provide ample foundation for trial judge's findings.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Appeal and Error § 868.
[2] 4 Am Jur 2d, Appeal and Error § 136.
   24 Am Jur 2d, Divorce and Separation §§ 779, 812, 820, 823.
[3] 24 Am Jur 2d, Divorce and Separation § 281.
[4, 5] 24 Am Jur 2d, Divorce and Separation §§ 281, 817.
[6] 24 Am Jur 2d, Divorce and Separation § 588.
   5 Am Jur 2d, Appeal and Error § 1011.

3. Same—Custody of Children—Friend of the Court.

   The friend of the court may make an appearance in place of the prosecuting attorney in an action for divorce where there are children and the case arises in a county having a population of 500,000 or more.

4. Same—Custody of Children—Notice to Prosecuting Attorney.

   Notice to the prosecuting attorney of petition to amend a decree of divorce as to the custody of a minor child is a mandatory statutory requirement (CL 1948, § 552.45, as amended by PA 1963, No 13).

5. Same—Custody of Children—Notice to Prosecuting Attorney.

   Failure to give notice to prosecuting attorney of petition to amend a decree of divorce as to custody of minor children *held*, error requiring reversal and remand to trial court (CL 1948, § 552.45, as amended by PA 1963, No 13).

6. Costs—Custody of Minor Children—Notice to Prosecuting Attorney.

   No costs are allowed on reversal of order changing custody of minor children from mother to father because of failure to give notice to prosecuting attorney as required by statute (CL 1948, § 552.45, as amended by PA 1963, No 13).

Appeal from Missaukee, Peterson (William R.), J. Submitted March 6, 1968, at Grand Rapids. (Docket No. 4,058.) Decided September 25, 1968.

Complaint by Carol Ann Young against Richard J. Young for divorce. Judgment for plaintiff giving her custody of children. Petition for modification of judgment by plaintiff. Judgment for defendant giving him custody. Plaintiff appeals. Reversed and remanded.

*Alvin G. Dahlem* (*Maxwell F. Badgley*, of counsel), for plaintiff.

*Korn & Burns*, for defendant.

McINTYRE, J.  This is a child custody case.  The complaint for divorce was filed by plaintiff-appellant on September 1, 1965, and had all of the aspects of a contested cause.  As so frequently and perhaps unfortunately happens, negotiations enabled the parties to settle the problems arising in the fields of child custody, rights of visitation, division of property, and the amount of support that would be paid.  It is somewhat significant to note plaintiff petitioned the court to waive the statutory waiting period and to bring the cause on for early hearing.  This was done, and a judgment of divorce was entered on December 23, 1965.  Plaintiff married her lawyer on March 19, 1966.  Plaintiff and the children of the parties to the suit lived with him at Jackson, Michigan, until the determination of the trial court, which placed the custody of the children in the defendant-appellee, which decision is presently before this court on appeal.

The unfortunate victims of this custody battle are Richard James Young, now five years of age, and Kimberly Ann Young, now seven.

In perusing the transcript of testimony and the entire file in this cause, this Court can have nothing but sympathy for the patient trial judge who was unquestionably subjected to a most difficult trial necessary to arrive at a wrenching determination.  The opinion of the court delivered July 6, 1967, in open court, illustrates more clearly than any other part of the record the care and attention which was given to this cause, and evokes only sympathy on the part of any judge who has sat on the trial bench.  It is delivered from the heart, but it displays a most careful analysis of the testimony, the demeanor of the witnesses, and clear judgment as to what is best for the children of the parties.

The present dispute arose with the filing of a petition on the part of the plaintiff to modify the judg-

ment of divorce. This sworn petition signed on December 9, 1966, alleges in essence that the defendant father, who had the children in his custody at his home at Lake City, Michigan over the Thanksgiving holiday of 1966, returned the children to the care of the mother at Jackson, Michigan after having most brutally beaten the child Richard who was then almost three years of age. The prayer asks that future visitation of the father be limited to the home of the mother and her present husband.

In answer, the father of the children denies the alleged cruelty and maintains that if in fact a beating had been administered to Richard, it was by hands other than his own.

Seven witnesses were heard by the court, each testifying at considerable length during the hearing which commenced February 16, 1967, at Lake City. One hundred and fifty-eight pages were necessary to record the bitterness and anger of the parties in the trial which was also marked by unnecessary rudeness and sarcasm. The trial court was faced with completely inconsistent testimony on the only real issue for determination: who had beaten the child?

It is clear that if the father had beaten the child, his temper was such that strict limitations should have to be placed upon his visitation to ensure against repetition; if the step-father or the mother had beaten the child, the case would then assume a most macabre aspect. It would mean that a battery had been deliberately committed in order to form a foundation to practically exclude the father from enjoying any meaningful relationship with his own children.

A resolution of the enigma had to be made, and the trial judge made it in a most careful and discerning manner. The trial judge found, factually,

that the latter proposition had been proved, and the father having filed a counter-petition for custody of the children, the children were placed with him and the visitation of the mother was limited to the home of the father. Finding that there was an urgency for removal of custody from the mother, the judgment of the court became effective immediately and was not altered upon a later motion filed to amend the judgment and for a new trial. A fair reading of the entire record does not convince this Court that it would have arrived at a different conclusion in resolving this paradox.

Making obeisance to the time-honored rule that an appellate court will hear chancery matters *de novo,* the court must also honor its own rule laid down in *Arsenault* v. *Arsenault* (1966), 5 Mich App 476, 479:

"The advantage of the trial court in being able to observe these parents during the trial, and to hear their testimony is peculiarly persuasive in the area of custody. It is such that this Court is not prepared to say the trial court abused its discretion."

In *Arsenault,* reference was made to *Chubb* v. *Chubb* (1941), 297 Mich 501, 506, where it was well stated as follows:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances."

While the cold record does not illustrate to an appellate bench the appearance and manner of the witnesses in testifying, the transcript of the instant case

nevertheless carries strong overtones of feeling, action, and reaction on the part of plaintiff's witnesses which provide ample foundation for the reasonableness of the opinion of the judge. Discretion was not abused.

It is interesting to note that the remaining assignments of error consist of matters which were either not urged by the plaintiff in the course of the trial, or were acceded to by the plaintiff without objection of any kind. This refers to the allegation that the trial court should not have depended in any degree on the interview of the children in chambers, that the polygrams taken of the plaintiff's husband and the defendant should not have been admitted into evidence, that failure to serve notice of the proceedings on the prosecuting attorney is a jurisdictional defect, that the failure to conduct a pretrial conference is a jurisdictional defect, and the failure of the friend of the court to follow the procedure prescribed by rule is a jurisdictional defect. We need only consider the third assignment here.

The plaintiff contends that the failure to serve notice of the proceedings on the prosecuting attorney is a jurisdictional defect which requires remand. It is ironic that the plaintiff can complain, where the failure to notify the prosecuting attorney was an oversight the onus of which she herself should bear; nevertheless it has been held repeatedly that waiver of the requirement cannot be made. Reference is made to CL 1948, § 552.45, as amended by PA 1963, No 13 (Stat Ann 1968 Cum Supp § 25.121) as a basis for this claim. The history of this section seems to show it was added by PA 1887, No 137, and although amended from time to time since that act, the legislature has done nothing to minimize observance of this section. It is true that in counties having a population of 500,000 or more an appearance by the friend of the court will suffice in lieu of the appear-

ance of the prosecuting attorney, but judicial notice may be taken that the county of Missaukee does not achieve this population standard. From a practical viewpoint, the application of this statutory requirement in most counties of this State is an anachronism in the law. All too frequently the prosecuting attorney knows little or nothing of the case. He makes a perfunctory appearance and reports that he does not intend to contest the matter, and more importantly, he files a claim and receives an order for the payment of the $5 fee which the legislature requires the county to pay. Certainly the powers and duties vested in the friend of the court under GCR 1963, 727 adequately protect the rights of children, and the rights of the State when divorce or the question of custody is imminent. The requirement of the prosecuting attorney to appear would therefore seem to be outmoded and unnecessary. Nevertheless, since the legislature saw fit to review this section of our law as recently as 1963 and make amendment to it, we must recognize that this arm of the people considers the law to be of prime importance. Quoting from *Mayo* v. *Mayo* (1951), 331 Mich 96, 99:

"Notwithstanding our view of the correctness of the decision of the trial judge, the statutory requirement of notice to the prosecuting attorney is mandatory. *Bishop* v. *Bishop* (1938), 286 Mich 567; *McClellan* v. *McClellan* (1939), 290 Mich 680 (127 ALR 731); and *Geark* v. *Geark* (1947), 318 Mich 614."

It is evident from this case and its predecessors that the statute has been held to apply to modifications of divorce judgments as well as to the action itself. It is truly unfortunate that the trial court must again be subjected to the grueling pressures of this explosive case, but we can see no alternative.

In view of this finding of the Court, other assignments of error need not be here considered.

Reversed and remanded for action consistent with the statute, *supra.*

No costs will be allowed.

HOLBROOK, P. J., and QUINN, J., concurred.