FISH v. FISH

DIVORCE—INFANTS—CUSTODY—EVIDENCE—PARENTAL UNFITNESS.

> Changing custody of child to plaintiff father was justified where evidence showed that defendant mother had lived with several men, both with and without the sanction of matrimony, and had taken her young son along to various residences, even though she kept her son well fed and clean, coupled with a showing that plaintiff father offered a solid warm home atmosphere for the boy.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 January 7, 1970, at Grand Rapids. (Docket No. 6,804.) Decided January 28, 1970.

Complaint by K. Donald Fish against Shirley A. Fish for child custody. Judgment for plaintiff. Defendant appeals. Affirmed.

*Reber & Reber,* for plaintiff.

*Paul L. Greer,* for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Plaintiff and defendant were married in May, 1961 and divorced in May, 1963. A son, Douglas, born in May, 1962, was awarded to the defendant mother at the time of the divorce.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 788, 791–794.

The question of custody was considered by the court in 1964 when it was discovered that the child was living in a boarding home. At that time custody was retained by the mother with the provision that he remain apart from her in the boarding home.

The petition in the instant case was filed in November 1968; plaintiff father alleged that defendant's repeated marriages and divorces did not provide a stable home for the child and sought a change in custody. Following a hearing before the circuit judge the original judgment of divorce was amended to place the child in the custody of his father.

Defendant has appealed from this amended judgment.

Defendant's contention that the evidence did not support a finding of circumstances sufficient to warrant a change in custody is unfounded. Under the holding of this Court in *Fee v. Fee* (1968), 11 Mich App 593, evidence that a mother was carrying on an illicit relationship before the eyes of her child was sufficient to find her unfit to have custody of the child. In the present case there was copious evidence that, although she kept her son well fed and clean, defendant had lived with several men, both with and without the sanction of matrimony, and had taken her young son along to various residences. This evidence, coupled with the showing that plaintiff father offered a solid warm home atmosphere, was sufficient to justify the change of custody to the father.

The prosecuting attorney's presence to testify at the hearing on this matter indicated that he had notice of the pendency of the petition as required by MCLA § 552.45 (Stat Ann 1969 Cum Supp § 25.121) and *Young v. Young* (1968), 13 Mich App 395.

Affirmed. Costs to plaintiff.