KUBIAK v STEEN

1. VENUE—INFANTS—GUARDIAN AND WARD—CUSTODY—CHANGE OF VENUE—MOTION—COURT RULES.

A defendant in a suit over child custody timely raised his motion for a change of venue where he filed his motion at the time he filed his answer because a court rule expressly provides that "motion for change of venue shall be filed before *or at the time the defendant files an answer"* (GCR 1963, 401).

2. VENUE—CHANGE OF VENUE—MOTION—COURT RULES—DISCRETION.

A timely motion for a change of venue made under a court rule *requires* the court to order that improper venue be changed; therefore, plaintiffs' argument that, since the defendant appeared before the court in which the action was commenced and that court *could* have jurisdiction to hear the matter, he had subjected himself to its jurisdiction and thus the court had full discretion to decide if venue was proper or not, is without merit (GCR 1963, 404).

3. DOMICILE—RESIDENCE—WORDS AND PHRASES.

The terms "residence" and "domicile" are not *always* synonymous and interchangeable in Michigan.

4. INFANTS—GUARDIAN AND WARD—CUSTODY—DOMICILE—RESIDENCE —STATUTES.

There is a statutory, albeit rebuttable, presumption that the best interests of a child are served by awarding custody to the parent when a custody dispute is between the parent and a third person, but this does not necessitate the holding that the child's residence or domicile in every case is that of his surviving parent; this presumption does not negate the motivating

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Venue § 52.
[2] 56 Am Jur, Venue § 72 *et seq.*
[3] 25 Am Jur 2d, Domicil §§ 1, 4.
[4, 6] 25 Am Jur 2d, Domicil §§ 70, 72.
[5] 25 Am Jur 2d, Domicil §§ 64–67.
[7] 56 Am Jur, Venue § 28.

force embodied in the statute which is service of the best interest of the child (MCLA 722.25).

5. DOMICILE—RESIDENCE—INFANTS—CUSTODY.

The domicile or residence of a minor child on the death of the parent with custody of the child is not automatically that of his or her surviving parent in every situation.

6. INFANTS—GUARDIAN AND WARD—CUSTODY—DOMICILE—RESIDENCE.

The primary goal in child custody actions is service of the best interests of the child and custody suits are to be litigated either where the child can be found or *actually* lives (resides), since either locus will generally mean the least disruption of the child's personal life over the duration of the suit.

7. INFANTS—RESIDENCE—CUSTODY—VENUE.

A child who resided with his mother in Macomb County at the time of an accident in which the mother was killed and the child injured and who was in the hospital in Wayne County at the time a suit for his custody was commenced had an actual residence in Macomb County and venue in the dispute over his custody could properly be found in Macomb County.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 January 4, 1974, at Lansing. (Docket No. 17976.) Decided February 11, 1974.

Complaint by Anthony Kubiak and Virginia Kubiak against Ronald Steen to obtain custody of a child. Defendant's motion for a change of venue denied. Defendant appeals on leave granted. Affirmed.

*Wenger, Vande Vrede, Lavigne & Powers,* for plaintiffs.

*Gage, Brukoff, Dubin & Siudara,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

HOLBROOK, J. Defendant Ronald Steen was married to Karen Steen, daughter of the plaintiffs.

Their only child, David Allen Steen, was born August 26, 1969. Karen and Ronald Steen were divorced March 1, 1972, by order of the Macomb County Circuit Court and the custody and care of David was granted to Karen Steen. Karen and David resided in the home of Karen's parents in Macomb County until February 27, 1973, when Karen was killed in an automobile accident in Macomb County. David was seriously injured in the accident and was being treated for his injuries in Children's Hospital, Wayne County, on March 14, 1973, when this custody action for him was instituted by his grandparents in Macomb County Circuit Court. At the time of the filing of this custody action the defendant Ronald Steen was residing in Wayne County. Defendant moved for a change of venue to Wayne County Circuit Court, which was denied. He sought emergency leave to appeal from that denial in this Court in August 1973. We granted leave to appeal on September 26, 1973.

We have essentially three issues before us on appeal. First, plaintiffs claim that defendant's motion for a change of venue was not timely raised. We disagree. The defendant filed his motion for a change of venue at the time he filed his answer, and GCR 1963, 401 expressly provides that: "Motion for change of venue shall be filed before *or at the time the defendant files an answer".* (Emphasis supplied.)

Second, plaintiffs argue that since the Macomb County Circuit Court *could* have jurisdiction to hear this child custody matter, once the defendant appeared before that court he subjected himself to its jurisdiction and thus it had full discretion to decide if venue was proper or not. This claim is without merit. Once a timely motion is made GCR

1963, 404 *requires* the court to order that improper venue be changed. *DesJardin v Lynn,* 6 Mich App 439; 149 NW2d 228 (1967).

Third, defendant claims that the trial court erred in denying his request for a change of venue. Under the Child Custody Act of 1970, MCLA 722.26; MSA 25.312(6), the proper venue in a child custody action lies in "the circuit court of the county *where the child resides or may be found* by complaint or complaint and motion for order to show cause". (Emphasis supplied.) From this statute defendant's argument proceeds thusly:

(1) The proper time to determine venue is at the institution of the action. *DesJardin, supra.*

(2) On the date of the institution of this custody action, March 14, 1973, David Steen could be "found" in Wayne County's Children's Hospital.

(3) On March 14, 1973, the "residence" or "domicile" (the terms are synonymous and interchangeable, *Gluc v Klein,* 226 Mich 175; 197 NW 691 [1924]; *In re Fox Estate,* 3 Mich App 501; 142 NW2d 866 [1966]) of David Steen was that of the defendant father, who resided in Wayne County, since upon the death of a parent to whom custody has been awarded, the domicile of the child becomes that of the surviving parent. *Baram v Schwartz,* 151 Conn 315; 197 A2d 334 (1964); *In re Skinner,* 230 Iowa 1016; 300 NW 1; 136 ALR 907 (1941); *Peacock v Bradshaw,* 194 SW2d 551 (Tex, 1946); *Clark v Jelinek,* 90 Idaho 592; 414 P2d 892; 136 ALR 914 (1966).

Therefore, venue should be set in Wayne County.

We have assumed solely for the purposes of this opinion the validity of propositions (1) and (2) of defendant's argument and proceed to dispose of this case through discussion of only proposition (3).

At the outset we note that defendant claims that the terms "residence" and "domicile" are synonymous and interchangeable in Michigan. While we recognize that there is strong language in *Gluc* and *In re Fox Estate, supra,* holding the terms synonymous, both cases are factually distinguishable from this one. Moreover, there is some authority in this jurisdiction that suggests that the terms are not *always* synonymous. *Ortman v Miller,* 33 Mich App 451; 190 NW2d 242 (1971). For outstate cases, see 37 Words & Phrases, "Residence", pp 339–362. See, also, 1 Restatement Conflicts of Laws, 2d, § 11, pp 45–46. However, we need not decide here in what cases the terms residence and domicile are to be treated as synonymous by this Court. For defendant's proposition (3) is erroneous on a more basic ground.

Defendant asserts that on the death of a parent with custody of a child the domicile of the child immediately becomes that of the surviving parent. While there is outstate authority, cited above, for this premise, there is none in Michigan. The outstate decisions are apparently grounded on the desire to give the surviving parent every advantage possible in custody proceedings and on the notion that since a minor is incapable of choosing his own legal domicile or residence, it must be determined by looking to that of his surviving parent. The instant action is brought under the Child Custody Act of 1970, under which the best interests of the child are paramount. MCLA 722.25; MSA 25.312(5); *Ostergren v Ostergren,* 368 Mich 408; 118 NW2d 245 (1962). While it is true that when the custody dispute is between the parent and a third person there is a statutory, albeit rebuttable, presumption that the best interests of the child are served by awarding custody to

the parent, this does not necessitate the holding that a child's residence or domicile in every case is that of his surviving parent. MCLA 722.25; MSA 25.312(5). The statutory presumption does not negate the motivating force embodied in the Child Custody Act, service of the best interests of the child. A rule written into Michigan law and thus into the Child Custody Act by judicial fiat to the effect that a child's residence or domicile is in all cases that of his surviving parent could conceivably work directly against, rather than for, the best interests of the child. We, therefore, decline to follow the case law from other jurisdictions in the facts and circumstances of this case. Thus, we reject the premise that the domicile or residence of a minor child is automatically that of his or her surviving parent in every situation.

Support for this ruling is found in the very language of the venue statute in issue. The Legislature did not use the word "residence" or "domicile" but "resides". That the term "resides" may have a different connotation than the term "residence" is without doubt.

"It has been said that the word 'reside' has two distinct meanings, and that it may be employed in two senses, and, in what is sometimes referred to as the strict, legal, or technical sense, it means legal domicile as distinguished from mere residence or place of actual abode. In this sense the word 'reside' means legal residence; legal domicile, or the home of a person in contemplation of law; the place where a person is deemed in law to live, which may not always be the place of his actual dwelling, and thus the term may mean something different from being bodily present, and does not necessarily refer to the place of actual abode. When employed in this sense, the word 'reside' includes not only physical presence in a place, but also the accompanying intent of choosing that place as a permanent residence.

"In what is sometimes referred to as its popular sense, the word 'reside' means the personal, actual, or physical habitation of a person; actual residence or place of abode; and it signifies being physically present in a place and actually staying there. In this sense the term means merely residence, that is, personal residence, and it does not mean legal residence or domicile." (Emphasis supplied.) 77 CJS, "Reside", pp 285–286.

We believe that the Legislature intended the word "reside" to be used in its "popular sense" when used in the venue statute here in issue. For if the primary goal in custody actions is service of the best interests of the child, it is only logical that the law insist that custody suits be litigated either where the child can be found or *actually* lives (resides), since either locus will generally mean the least disruption of the child's personal life over the duration of the suit.

Defendant admitted in his brief on appeal that up to the time of his former wife's death, the child David Allen Steen lived with Karen Steen in Macomb County. Defendant did not argue either before the trial judge or this Court in his brief on appeal that the child's actual residence had been changed from Macomb County. Thus, we find that the trial judge did not err in finding that venue in this dispute could properly be found in Macomb County.

Affirmed. Costs to await the final outcome.

All concurred.