EIGNER v EIGNER

OPINION OF THE COURT

1. DIVORCE—JURISDICTION—JURISDICTION OVER CHILDREN—STATUTES.
   Jurisdiction over children of divorced parents remains in the
   court which granted the divorce until the children reach the
   age of 18 (MCLA 552.16, 552.17; MSA 25.96, 25.97).

2. DIVORCE—CHILD CUSTODY—JURISDICTION—VENUE.
   A trial court properly returned venue of a child custody dispute
   to the county in which the parents' divorce had been granted
   where one of the parties still resided in that county and the
   case was a continuation of a dispute between the parents with
   no third parties involved; under circumstances such as this the
   court which granted the divorce had continuing jurisdiction
   and venue.

3. DIVORCE—PROSECUTING ATTORNEYS—NOTICE—MODIFICATION OF
   DIVORCE JUDGMENT—STATUTES—CASE LAW.
   A statutory requirement that notice of impending divorce pro-
   ceedings, where there are children under the age of 17, must be
   served upon the prosecuting attorney or friend of the court has
   been held by case law to apply to modification proceedings as
   well, and is jurisdictional; the statutory and case law require-
   ments were met in a case where, although there is no record of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 776, 780.
[3] 24 Am Jur 2d, Divorce and Separation §§ 817, 818.
   Service of notice to modify divorce decree or other judgment as to
      child's custody upon attorney who represented opposing party. 42
      ALR2d 1115.
[4] 24 Am Jur 2d, Divorce and Separation § 340.
[5] 5 Am Jur 2d, Appeal and Error § 900.
[5, 10] 24 Am Jur 2d, Divorce and Separation § 819.
[6, 9] 24 Am Jur 2d, Divorce and Separation § 820.
[7, 9, 10] 24 Am Jur 2d, Divorce and Separation § 779.
[8] 24 Am Jur 2d, Divorce and Separation §§ 588, 595.
   Right of former wife to counsel fees upon application, after absolute
      divorce, to modify order as to support or custody of child or
      children. 15 ALR2d 1270.

notice to the prosecutor of a modification hearing, the case file contains a report from the prosecutor stating he will not contest the action, dated the day of the modification hearing (MCLA 552.45; MSA 25.121).

4. Divorce—Child Custody—Friend of the Court—Jurisdiction— Court Rules.

Absence of a friend of the court report in a hearing on a motion for modification of a child custody order after a divorce judgment is not a jurisdictional defect; such motions may be referred to the friend of the court, but such referral is not required (GCR 1963, 727.1).

5. Divorce—Appeal and Error—De Novo Review—Findings of Trial Judge.

Although appellate review of a divorce action is *de novo,* the Court of Appeals is inclined to give special consideration to the findings of the trial judge and should not easily substitute its judgment for that of the trial judge who has had close contact with the parties and with the children involved and who heard the matter for a full day.

6. Divorce—Child Custody—Child Custody Act—Best Interest of Children—Statutes.

A change in custody of the children of divorced parents is governed by the Child Custody Act which requires that custody shall be decided in the best interest of the children (MCLA 722.21 *et seq.;* MSA 25.312[1] *et seq.).*

7. Divorce—Child Custody—Appeal and Error—Statutes.

The Court of Appeals should affirm a circuit court's judgment in a child custody dispute unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCLA 722.28; MSA 25.312[8]).

8. Divorce—Child Custody—Attorneys' Fees.

A trial court has discretion to award attorneys' fees and costs in a child custody proceeding and a court did not abuse this discretion by denying a defendant wife's request for fees and costs where the plaintiff husband was within his rights in asking for a change in custody and prevailed at the hearing, the defendant's income is nearly as much as plaintiff's, and the plaintiff now has the entire burden of support of the children.

Dissent by Bronson, J.

9. Appeal and Error—Divorce—Child Custody—Change of Custody—Clear and Convincing Evidence—Statutes.

*A child custody order may not be modified unless there is clear and convincing evidence that it is in the best interest of the child as defined by statute, and must be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue (MCLA 722.23, 722.27, 722.28; MSA 25.312[3], 25.312[7], 25.312[8]).*

10. Divorce—Child Custody—Change of Custody—Great Weight of Evidence.

*A trial judge's decision to change custody of the children of divorced parents from the mother to the father was against the great weight of the evidence where although the children desired to live with their father and attend their prior school, there was no substantial evidence that their mother failed to provide a stable environment or that the children were having difficulty in school; the burden is on the moving party to present clear and convincing evidence justifying a change of custody, and there was no clear and convincing evidence that a change in custody was in the best interests of the children.*

Appeal from Tuscola, Martin E. Clements, J. Submitted May 4, 1977, at Detroit. (Docket No. 30909.) Decided October 18, 1977.

Complaint by Robert F. Eigner against Trudy M. Eigner for divorce. Divorce granted and custody of the minor children given to defendant wife. Plaintiff subsequently moved for modification of the divorce judgment, seeking custody of the children. Custody granted to plaintiff. Defendant appeals. Affirmed.

*Ray A. Findlay,* for plaintiff.

*Isackson & Neering, P. C.* (by *John J. Hebert),* for defendant.

Before: T. M. Burns, P. J., and Bronson and C. W. Simon, Jr.,* JJ.

C. W. Simon, Jr., J. Appellant seeks *de novo* relief from a decision of the trial court changing custody of two minors from appellant to appellee.

The parties were married on August 27, 1966, in Bay City, Michigan. Thereafter, they lived in Fairgrove, Michigan and had two children. The couple separated in January of 1974 and on October 15, 1974, a judgment of divorce was entered in the Tuscola County Circuit Court. The judgment gave custody of the minor children to defendant wife and provided that plaintiff pay $21 per child per week for child support. At this point, the defendant and the children lived in Bay City (in Bay County) and the plaintiff continued to live in Fairgrove (in Tuscola County).

In 1975 the plaintiff remarried. On August 18, 1975, he filed a motion in the Tuscola County Circuit Court for modification of the divorce judgment, seeking custody of the two children. At this time plaintiff was still living in the Fairgrove farmhouse and had taken up farming. He earned about $138 per week on an annualized basis from his farming and had secured a full-time job for the winter. The defendant and the children were living in a large Bay City apartment across the street from the school attended by the children. The defendant worked as a full-time secretary and took home $92 a week. She also received child support payments. The defendant had not remarried since the divorce and dated about twice a week.

On August 27, 1975, the defendant moved to change venue from Tuscola County to Bay County where the children resided. Tuscola County Circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Judge Martin Clements granted the motion and changed venue to Bay County. Shortly thereafter, the plaintiff moved for a change of venue back to Tuscola County. Bay County Circuit Judge Leon Dardas granted the motion in December of 1975. The defendant applied for leave to appeal Judge Dardas' action to this Court but we denied leave on July 20, 1976.

The case was heard by Tuscola County Circuit Judge Clements on October 13, 1976. The prosecutor had filed a "Report of the Prosecuting Attorney Against Contesting Divorce" which indicated that the case had been investigated and that he would not contest the action. No friend of the court report was made.

The evidence indicated that the children were having no difficulties in school. Plaintiff's charge that the defendant's dating habits upset the children was apparently groundless. The defendant worked full-time and had to leave the children with a baby-sitter or at a child care center while she worked. The plaintiff attacked the defendant's choice of sitters. The plaintiff also claimed that the defendant used foul language in front of the children and was not concerned with their religious upbringing. Neither of these charges was substantiated. The plaintiff and his wife described their recreational activities with the children.

The children were interviewed individually by the trial judge. They did not want to be separated and preferred to live with their father. They said they would feel better there, wanted to live on the farm and did not like spending so much time with baby-sitters.

A clinical psychologist testified as a witness for the defendant. He found the defendant to be a good stable parent. Both children were normal but

sad in anticipation of leaving their mother. However, both children preferred to live with their father because they felt he needed them more; they did not like staying with baby-sitters so often, and they looked forward to living on the farm and going to their old school. There was some evidence of prompting by plaintiff. The children were not concerned about their mother's dating practices.

The defendant discussed the things she and the children did together. She mentioned the children's many friends. Teachers and neighbors also testified on behalf of the defendant.

After deliberating for 20 minutes, the trial court decided that the children should live with their father. He examined the ten factors listed in the Child Custody Act (MCLA 722.21 *et seq.;* MSA 25.312[1] *et seq.)* and based his decision on the best interests of the children. The judge found that the children had lived longer with their mother but that the stability of the environment was disrupted by baby-sitters. He gave "significant weight to the desires of the children" although these desires were not "conclusive on" the judge.

Thereafter, the defendant moved for attorneys' fees and costs but the motion was denied. The defendant now appeals.

The defendant raises several issues which merit discussion. But in addressing those issues we must be careful to heed the cogent words of Justice GRAVES nearly 100 years ago:

"In contests of this kind the opinion is now nearly universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the child. The paramount consideration is what is really demanded by its best interests. It is doing no violence to what is taught by judicial experience to assume that the disputing parties will be more alive to

the satisfaction of their own feelings and interests than to the true end of the inquisition; while the innocent subject of the contention is utterly unable to speak or act for itself, and is in danger of being lost sight of in the strife for its possession. *No other occasion can call more loudly for judicial vigilance in reaching for the exact truth, and in putting aside with an unsparing hand the mere technicalities of procedure.* The fate or interest of the child is not to depend on what the parties may see proper to state or to evade in their formal altercations, nor on any artificial rule of pleading. There should be full inquiry and an exhaustive examination on oath in order that the tribunal may have all the light practicable." *Corrie v Corrie,* 42 Mich 509, 510; 4 NW 213 (1880). (Emphasis supplied.)

The first issue raised and discussed is whether the court which originally granted the divorce and determined child custody has venue for an action to change custody where the children no longer reside in that court's county.

Plaintiff's motion was a motion to modify a divorce judgment. MCLA 552.16; MSA 25.96 specifically provides that upon granting a divorce,

" * * * the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain."

And MCLA 552.17; MSA 25.97 states:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require."

Thus, it is apparent that jurisdiction over children of divorced parents remains in the court which granted the divorce until the youngest child attains the age of 18. *Lem v Lem,* 12 Mich App 174, 177; 162 NW2d 683 (1968).

The defendant relies upon MCLA 722.26; MSA 25.312(6) (a portion of the Child Custody Act of 1970) and *Kubiak v Steen,* 51 Mich App 408; 215 NW2d 195 (1974). But MCLA 722.26 provides in pertinent part:

"When there is no other action or proceeding pending for the resolution of the dispute, it shall be submitted to the circuit court of the county where the child resides or may be found by complaint or complaint and motion for order to show cause."

And MCLA 722.27; MSA 25.312(7) implicitly recognizes the original divorce court's continuing jurisdiction.

The Child Custody Act is remedial and supplemental in nature and is not intended to oust divorce chancellors of their jurisdiction. See *Jewell v Grand Traverse County Probate Judge,* 51 Mich App 134, 145; 214 NW2d 717 (1974). This statutory and judicial scheme is seen again in GCR 1963, 724.1(5). The purpose of that rule is stated in the Comments of the Study Committee in 4 Honigman & Hawkins, Michigan Court Rules Annotated, 1976 Pocket Part, pp 44–45:

"The purpose of the above rule is to clarify procedure in courts of record in instances where a prior court of record has assumed and continues jurisdiction of the person of a minor. It also provides guidelines for communication and administrative coordination between such courts. Though not exclusive, the rule is intended to be applicable where a court has assumed jurisdiction

in proceedings for divorce, * * * and proceedings are commenced in another court having a separate ground for jurisdiction of the same child. The procedure is predicated on the legal premise that, in such instances, the second court must first determine *if by law separate grounds for jurisdiction of the child exist; * * * .* It assumes the judge of the second court will determine and act only to such extent as additional subject matter of which he has jurisdiction requires. * * * " (Emphasis supplied.)

In this case, the Tuscola County Circuit Court is the trial court having jurisdiction and proper venue of the petition presented by the plaintiff. Transfer of the case to the Bay County Circuit Court was error. Judge Dardas correctly exercised his authority under GCR 1963, 404 in returning the case to Tuscola County.

*Kubiak v Steen, supra,* is easily distinguished from the case at bar. In that case, a custody action under the general chancery jurisdiction of the Child Custody Act of 1970 was instituted by third parties (the maternal grandparents) who sought custody of a child whose custodial parent (the mother) had been killed in an automobile accident. The grandparents presented their petition to the circuit court of the child's residence and not to the circuit which had granted the divorce. The child's father attempted to change the venue but failed. This Court affirmed the trial court's decision.

In *Kubiak,* the divorce court's jurisdiction was either (1) terminated by the death of the custodial parent, or (2) concurrent with the second court. Under those circumstances, venue was properly laid in the county of the child's residence. By contrast, the present case is merely the continuation of a dispute between parents; no third parties are involved. Under these circumstances, the trial

court which granted the divorce had continuing jurisdiction and venue.

A second issue is whether it was error for plaintiff to fail to properly notify the prosecuting attorney of the pendency of the petition to modify the divorce judgment and thereby create a jurisdictional defect.

MCLA 552.45; MSA 25.121 states in relevant part:

"Every bill of complaint filed shall set forth the names and ages of all children of the marriage, and when there are children under 17 years of age a copy of the summons issued in the cause shall be served upon the prosecuting attorney of the county where the suit is commenced, or upon the friend of the court in those counties having a population of 500,000 or more which have a friend of the court. The prosecuting attorney or friend of the court so served shall enter his appearance in the cause, and when, in his judgment, the interest of the children or the public good so requires, he shall introduce evidence and appear at the hearing and oppose the granting of a decree of divorce."

A clear reading of this statute indicates that notification to the prosecutor is required in the initial divorce proceedings, not in later modification proceedings. The statutory provision concerning modification of divorce judgments, MCLA 552.17; MSA 25.97, does not contain such a requirement. However, Michigan case law has consistently held that the statute applies to modification proceedings. *E.g., Jernigan v Jernigan,* 344 Mich 511, 516–517; 73 NW2d 910 (1955), *Bishop v Bishop,* 286 Mich 567, 570; 282 NW 246 (1938), *Fish v Fish,* 21 Mich App 183, 184; 175 NW2d 343 (1970). Further, the statute creates a jurisdictional requirement which we are compelled to recognize.

*Young v Young,* 13 Mich App 395, 400–401; 164 NW2d 585 (1968).

In the present case, the prosecutor was notified of the original divorce action and he entered his appearance and a boilerplate form stating that he would not contest the action. There is no document in the file to show that the prosecutor was notified of the petition to change custody. However, the file does contain a report from the prosecutor which is dated the day of the hearing. The report states that the case has been investigated and that the prosecutor will not contest the action. Presence of the report indicates that the prosecutor had proper notice of the pendency of the modification petition. The statutory and case law requirements were met. See *Fish v Fish, supra,* 184.

The third issue raises the question whether the absence of a friend of the court report in a contested custody matter creates a jurisdictional defect where the action is a motion for modification of the divorce decree.

MCLA 552.45; MSA 25.121 merely states that where a county has a population of 500,000 or more, the documents in a divorce action may be served upon the friend of the court as an alternative to filing with the county prosecutor. And MCLA 552.253; MSA 25.173 states that circuit judges

" * * * *may* refer to the 'Friend of the Court' for investigation and recommendation all pleadings, including motions in divorce, separate maintenance and annulment cases wherein the rights of dependent minor children are involved. * * * " (Emphasis supplied.)

However, the general court rules impose some-

what stricter requirements on the parties. GCR 1963, 723.2 requires in part:

".2 Process Where There Are Children.

"(1) Notice to the Friend of the Court. If there are children of the marriage under the age of 18, copies of all process, pleadings, notices, or other papers filed in the case shall be served upon the Friend of the Court within the time allowed for service of the same on the opposite party."

And GCR 1963, 727.1 states:

".1 Investigation and Report. In all actions in which an application is made for alimony, for the support and maintenance of a wife or minor children, or for the custody of the minor children, the Friend of the Court shall:

"(1) Investigate the financial ability, occupation and earning capacity of the parties; and

"(2) If there are minor children, investigate the home conditions, environment and surroundings of the parties and of any other person in whose home the children are being kept, or are proposed to be kept at any time; and

"(3) Include in a final report a finding as to home conditions and finances of the parties and the moral surroundings and care given the child or children, together with a recommendation as to custody, visitation rights, amount of support, and amount of alimony. A copy of the final report shall be filed and notice of filing given to counsel for each party in the manner provided for in Rule 107.

"*All motions may be referred to the Friend of the Court for investigation and recommendation.*" (Emphasis supplied.)

A friend of the court report was not filed in this case. The defendant argues that the omission is a jurisdictional defect, much as lack of notice to the

county prosecutor is a jurisdictional defect. We do not agree.

General Court Rules 723.2 and 727.1 refer to the commencement of divorce actions and not to motions for modification of the original divorce decree. Rule 727.1 specifically provides that "All motions *may* be referred to the Friend of the Court for investigation and recommendation." (Emphasis added.) Hence, after the original divorce decree is issued, all motions for modification may be referred to the friend of the court, but such action is not required by either the relevant statutes or the general court rules. Of course, individual courts may impose this requirement if they so desire. (See, *e.g.,* Wayne County Circuit Court Rule 10.1).

Appellant further alleges that the trial court's determination that custody of two minor children should be changed from their mother to their father was against the great weight of the evidence.

Since a divorce action is equitable in nature, review is *de novo* and an appellate court must exercise its independent judgment in reviewing the evidence. *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975). However, since the trial court has had close contact with both parents and with the children involved, and since the interests of the children can only be protected by a sense of security and permanence, we are inclined to give special consideration to the trial court's findings. See *Chubb v Chubb,* 297 Mich 501, 506; 298 NW 111 (1941), *Young v Young, supra,* 399, and keeping in mind Justice GRAVES' admonition, this Court should not easily substitute its judgment for that of the learned trial judge who heard this matter for a full day.

The Child Custody Act of 1970 (MCLA 722.21 *et seq.;* MSA 25.312[1] *et seq.)* governs a change in custody.

MCLA 722.27; MSA 25.312(7) states in part:

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

*          *          *

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances * * * . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

MCLA 722.25; MSA 25.312(5) adds:

"When the dispute is between the parents, between agencies or between third persons the best interests of the child shall control."

MCLA 722.23; MSA 25.312(3) defines "best interests of the child" as the sum total of ten factors which are to be considered, evaluated, and determined by the court.

MCLA 722.28; MSA 25.312(8) provides the following high standard of review for appellate courts:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

The determinative facts in this case indicate that both the plaintiff and the defendant love their children and could provide for them. The children also love their parents. The children spent 2 years with their mother in a large Bay City apartment and attended school across the street. The father lived on the farm where the children were born. And Tuscola County's Reese School, which the children attended prior to the divorce, is apparently more desirable to the children than the Bay City School.

The children's mother worked full-time and maintained a reasonable social life. Consequently, the children spent considerable time with baby-sitters, at day care centers, and with their maternal grandmother. The children were not harmed by this situation, but it was not as desirable as the setting with their father, who had remarried.

Additionally, both children clearly wished to live on the farm with their father, avoid baby-sitters and attend their old school.

After considering each of the ten factors listed in the Child Custody Act, the trial court found that the children should live with their father. We have carefully examined all the evidence and agree with the trial court's decision. Hence, the trial court's conclusion that a change in custody was justified by clear and convincing evidence that the change was in the best interests of the children was not against the great weight of the evidence.

*Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972), does not require a different conclusion. In *Outcalt,* there was an evidentiary standoff. There is no such standoff in the instant case. The trial court's determination was correct.

Appellant also alleges that the trial court

abused its discretion in denying defendant's request for attorneys' fees and costs.

Both parties agree that a trial court has the discretion to award attorneys' fees and costs in a custody case. *Sovereign v Sovereign,* 361 Mich 528, 535–536; 106 NW2d 146 (1960), *Schilleman v Schilleman,* 61 Mich App 446, 450; 232 NW2d 737 (1975).

It is true that plaintiff "forced" defendant to defend herself against plaintiff's petition to change custody. However, plaintiff was well within his rights in asking for the change and prevailed at the hearing. Defendant feels she was financially unable to meet her costs. But it appears that defendant's income is nearly as much as plaintiff's income. Additionally, plaintiff now has the entire burden of supporting the children.

Under these circumstances, it cannot be said that the trial court abused its discretion in denying defendant's request for attorneys' fees and costs.

The decision of the trial court is affirmed; but while we affirm the trial court's decision, we encourage the court to review his order and provide for most liberal visitation rights for the children's mother. In child custody matters, we must always maintain that the best interests of the children are paramount and extensive and continued contact with the mother in this case would be in the best interests of the children.

Affirmed.

No costs.

T. M. Burns, P. J., concurred.

Bronson, J. *(dissenting).* I dissent from the majority's holding that the divorce modification order

changing custody of the children from their mother to their father was not against the great weight of the evidence.

Once a custody order has been entered, it may not be modified "unless there is presented clear and convincing evidence that it is in the best interest of the child". MCLA 722.27; MSA 25.312(7). "Best interests of the child" is defined in MCLA 722.23; MSA 25.312(3) as a sum of 10 factors. We must affirm on appeal unless the trial judge made findings of fact against the great weight of evidence, committed a palpable abuse of ·discretion, or made a clear legal error on a major issue. MCLA 722.28; MSA 25.312(8).

The reason for requiring "clear and convincing" evidence to modify a custody order is evident. The circumstances of the parties often change after a custody order is entered. However, the children involved, as well as the courts, would suffer from a modification of custody every time there is some change of circumstances. Otherwise every remarriage by one of the parties or change in financial condition might precipitate shifting the child from one home to another. The Legislature recognized the desirability of finality in child custody matters by requiring "clear and convincing" evidence to modify a custody order. In the interest of finality, we should read that standard as a very high one indeed.

The majority recounts the evidence adduced by the trial court on the best interests of the children. It is apparent that there was little evidence to support a change of custody. The children apparently desired to live with their father and attend their own school. The desire of the children is one factor to be considered by the judge in determining their "best interests". MCLA 722.23(i); MSA

25.312(3)(i). However, the desirability of maintaining continuity in an existing stable environment is also a factor. MCLA 722.23(d); MSA 25.312(3)(d). There was no substantial evidence that the mother failed to provide a stable environment or that the children were having difficulties at school.

In child custody cases, an appellate court reviews the evidence *de novo, Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972). The burden is on the moving party to present clear and convincing evidence justifying a change of custody; absent such a showing, there is an evidentiary stand-off and a change of custody will be against the great weight of the evidence. *Outcalt, supra,* at 394–396.

On reviewing the evidence, I find no clear and convincing evidence that the best interests of the children mandate a change in custody. I would hold that the trial judge's decision to change custody was against the great weight of the evidence and should therefore be reversed.