3 Mich. App. 501 (1966)
142 N.W.2d 866
In re FOX ESTATE.
WISE
v.
RESTA.
Docket No. 1,134.
Michigan Court of Appeals.
Decided June 14, 1966.
Ford, Hinga, Schmiege & Lundquist and Hoffman, McDonald & Hoffman (Leo W. Hoffman, of counsel), for plaintiffs.
Jones, Webb & Jones (Carroll B. Jones, of counsel), for defendant.
FITZGERALD, J.
The following opinion, which I adopt as my own, was prepared by the late Judge WATTS:
Helen F. Wise, daughter of the decedent, presented for probate an alleged last will and testament of George Randall Fox deceased, dated April 28, 1962, in the Kalamazoo probate court. Objections to its probate were filed and a motion to dismiss the *503 proceedings was made on the ground that the decedent was not a resident of Kalamazoo county, but a resident of Cass county at the time of his death and, further, that the decedent had made a later will dated October 5, 1962. The Kalamazoo probate court granted appellee's motion to dismiss, and an appeal was taken to the Kalamazoo circuit court. That court granted the appellee's motion to dismiss. Helen F. Wise, and others, appeal.
George Randall Fox was born May 18, 1880, and died in a nursing home located in Kalamazoo county on June 3, 1963.
George R. Fox married Hope Enid Fox. Helen Wise, Ramona Fickes, Wineta DeWeese, and Robert Fox are the children of George and Hope Fox. George and Hope Fox were divorced in 1930 or 1931. The children remained with their mother. George R. Fox married Emily Johnson Fox, who resided on the Wilderness farm in Wayne township, Cass county. He made the Wilderness farm his home. After his second wife died, he continued to live on the farm until October, 1962, when he became ill and was taken to the nearby farm home of Emile and Birttie Resta, which was located in St. Joseph county. On March 14, 1963, Mr. Fox's condition became worse, and Mrs. Resta arranged for an ambulance to take him to the Borgess hospital in Kalamazoo.
The patient was visited in the hospital almost daily by his daughter, Helen Wise, and by Mrs. Resta. On April 15, 1963, while Mr. Fox was still in Borgess hospital, Helen Wise filed a petition in the Kalamazoo probate court alleging that he was mentally incompetent and requesting that she be appointed general and special guardian of his estate and person.
On April 17, 1963, Helen Wise was appointed special guardian of her father by order of the probate *504 court. On the same day, she arranged for Mr. Fox to be transferred to a nursing home in Kalamazoo. On April 24, 1963, she filed a petition alleging in substance that Emile and Birttie Resta had wrongfully taken possession of the assets and personal property of George R. Fox. On the same date, an order was entered in the probate court directing Emile and Birttie Resta to appear on the 14th day of May for discovery purposes. On May 14, 1963, Helen Wise was appointed general guardian of the estate and person of her father.
In the afternoon of May 14, 1963, counsel for Mrs. Resta requested the court to dismiss the discovery matter on the ground that the court had no jurisdiction because Mr. Fox was a resident of Cass county. The motion was denied and testimony taken.
George Randall Fox passed away on June 3, 1963, and on that day Helen Wise filed a petition for the probate of a copy of a lost will made by George R. Fox, deceased, dated April 28, 1962. She was appointed special administratrix of the estate by the Kalamazoo probate court and authorized to employ counsel. On June 6, 1963, she filed a petition in the probate court as special administratrix requesting that Emile and Birttie Resta turn over to her certain deeds and titles to real estate and personal property of the decedent.
On June 26, 1963, counsel for Mrs. Resta entered a special appearance in the matter of the estate of George R. Fox, deceased, in Kalamazoo probate court and moved to dismiss the proceedings on the ground that the decedent was neither a resident nor an inhabitant of Kalamazoo county at the time of his death and, further, that the decedent had made a will dated October 5, 1962, which revoked all previous wills. On June 6, 1963, Birttie Resta filed the last will and testament of George R. Fox, deceased, for probate in Cass county probate court.
*505 Testimony was taken in the Kalamazoo probate court, resulting in an opinion which contained the following:
"The Court must therefore conclude that at the date of death of George Randall Fox, he was a resident of a county other than Kalamazoo county. In this particular hearing we will not attempt to rule whether he resided in Cass county. For the purpose of this hearing, it is sufficient to determine he was not a resident of Kalamazoo county, and, therefore, the petition for probate of will that is before the court will be discharged and dismissed for naught as soon as the special fiduciary has filed a proper accounting. At this hearing, the court must decide that the order issued for appointment of counsel to commence suit in collection of assets through circuit court be revoked." (Emphasis supplied.)
Helen Wise appealed to the Kalamazoo circuit court.
Following hearing in that court, the judge filed a written opinion reading in part as follows:
"This will should be probated in the county of Cass, where this court finds the deceased was domiciled at the time of his death. That is where he has lived for many years, that is where he has his home, that is where he always indicated a desire to return, and his stay in Kalamazoo was prompted by illness which necessitated hospitalization and convalescent care from which he, unfortunately, never recovered, and was therefore never able to return to his domicile.
"The probate court of Kalamazoo county was correct in dismissing the petition for probate of the will filed by Helen Wise, and said petition is dismissed."
It is the contention of Helen Wise that the decedent was domiciled in Kalamazoo county at the time of his death and, further, that the judgment and order of the Kalamazoo probate court adjudging *506 George R. Fox to be a mentally incompetent person and appointing her general guardian of his person and estate is res judicata as to the residence and domicile of the decedent so as to constitute a bar to appellee Birttie Resta's motion to dismiss the petition for probate of the estate of the said George R. Fox, deceased.
Mrs. Wise contends that George R. Fox, prior to his death, chose Kalamazoo county as his residence, and that as general guardian of George R. Fox, incompetent, she changed his residence from Cass county to Kalamazoo county.
Mrs. Resta claims that the decedent at the time of his death was domiciled in Cass county and, further, denies the claims asserted by Mrs. Wise.
The issue: Was George Randall Fox domiciled in Kalamazoo county at the time of his death?
The statute relative to appointments of guardians for incompetents and the statute for probating the estate of a deceased person read in part as follows:
"The judge of probate in each county may, in all proper cases, appoint guardians of inhabitants or residents in his county, and also to such as reside without the State, and have any estate within his county * * *
"4. Of all persons who are insane, imbecile, idiotic, or who by reason of old age or disease are mentally incompetent to have the care, custody and management of their estate." CL 1948, § 703.1 (Stat Ann 1962 Rev § 27.3178[201]).
"At any time after the death of a resident testator, the executor named in the will, any heir of the deceased or beneficiary under the will, or 60 days after death of a resident testator, a creditor may petition the probate court of the county in which the testator was domiciled, at the time of his death, that the will be admitted to probate.
*507 "Such petition shall contain the name of the testator, his last domicile, the date of his death, the estimated amount of his property, real and personal, the date of the will, the names of the witnesses thereto, the name and address of the executor nominated under the will or the name and address of the person nominated for administrator with will annexed, together with the names, ages and addresses of all of the heirs, devisees, and legatees of the deceased, if known." CL 1948, § 702.21 (Stat Ann 1962 Rev § 27-3178[91]).
The briefs filed by counsel for the appellants and appellee are extensive and comprehensive. We are cognizant that the case law in several States other than the State of Michigan indicates that the words "residence" and "domicile" are frequently treated as if they have the same meaning but are not identical terms. The case law in the State of Michigan is clear that the words "residence" and "domicile" are treated as synonymous terms.
Quoting from Gluc v. Klein (1924), 226 Mich 175, 178:
"In this State, the words `domicile' and `residence' are treated as symonymous terms. In our statutes relating to voting, eligibility to hold office, taxation, probate and administration of estates, et cetera, no distinction is pointed out."
The testimony presented in both probate and circuit courts raised a factual question relative to the decedent's domicile at the time of his death.
Justice FEAD writing the opinion of the Court, In re Reckinger's Estate (1934), 267 Mich 391, 392 said:
"The will of Nicholas Reckinger was offered for probate in Wayne county. Objections to its probate were filed and motion to dismiss the proceeding was made on the ground that deceased was not a resident of Wayne county but was a resident of Macomb *508 county at the time of his death. The contest was certified to the circuit court for trial. In circuit court the motion to dismiss was renewed, and granted.
"In the briefs the only question argued is whether deceased was a resident of Wayne or Macomb county when he died. The question is one of fact. The facts are in dispute and the great preponderance of the testimony sustains the finding of the court that he was a resident of Macomb county."
Mrs. Wise's claim that the residency of the deceased was adjudicated at a hearing for the appointment of a guardian for an incompetent person is not substantiated in fact.
Emile and Birttie Resta were ordered to appear in the Kalamazoo probate court on May 14, 1963, for examination under oath relative to the alleged concealment of property belonging to George R. Fox, an incompetent person. On that date, counsel for Mrs. Resta requested the court to dismiss the discovery matter on the ground that the Kalamazoo probate court did not have jurisdiction because Mr. Fox was a resident of Cass county. The Restas testified, and the hearing was adjourned to May 17, 1963, at which time the hearing was adjourned without date. On June 3, 1963, George R. Fox died, and the functions of his guardian ceased as to the active management of his estate. No final adjudication has been made on the merits of the controversy which Helen Wise alleges would bar litigation of Mrs. Resta's motion to dismiss the petition to probate the estate of George R. Fox, deceased, in Kalamazoo county for lack of jurisdiction.
On March 14, 1963, when George R. Fox was admitted to Borgess hospital, he was a very sick man. His medical history indicates that he was suffering from arteriosclerotic heart disease, acute pulmonary *509 edema, acute bronchial pneumonia, pulmonary emphysema, and other disorders.
Did George R. Fox prior to his death choose Kalamazoo county as his residence? Did his general guardian effect a change in his domicile prior to his death?
"Domicile is so essentially a question of intent, depending on the facts and circumstances of each particular case, that precedents, with necessarily varying facts, are of slight assistance; a fact of controlling importance in one case may have but slight significance in relation to all the facts of another, the determination of the place of domicile depending on the circumstances of each case. Proof of domicile, therefore, does not depend on any particular fact, but on whether all the facts and circumstances taken together tend to establish it; and all acts indicative of purpose must be carefully scrutinized." 28 CJS, Domicile, § 18, p 41. (Footnotes omitted.)
In re LaCroix's Estate (1928), 244 Mich 148, discusses residency of an incompetent person. The facts are brief: James E. LaCroix was a resident of the city of Detroit. Due to physical and mental conditions, he was taken to the home of his sister who was a resident of Windsor, Ontario, Canada. His sister requested that a guardian be appointed in Wayne county for the said James E. LaCroix. A general guardian of his person and property was appointed by the probate court in Wayne county. LaCroix regained his health and mental condition, and the general guardian was discharged by the court. Mr. LaCroix claimed that he was never legally placed under guardianship. The Court held that the temporary absence of an incompetent person from his residence or domicile for the purpose of regaining his health does not affect the jurisdiction of the court of his residence.
*510 The record in the instant case does not substantiate Mrs. Wise's contention that the decedent prior to his death chose the county of Kalamazoo as his residence.
While the testimony in the instant case indicates that Helen Wise had good intentions to make her home the residence of the decedent, if he recovered sufficiently, the mere verbal assertion cannot overcome the force of the following irrefutable and persuasive facts:
1. The deceased lived in Cass county for many years;
2. He owned a farm and paid taxes in Cass county;
3. He voted in the same county;
4. On October 5, 1962, he made a will describing himself as a resident of Cass county; and
5. On the same day, the deceased conveyed to Mrs. Resta a joint title to the farm, reserving to himself a life lease. At that time he stated, "I want to know that's my home. I want a place that I won't be put out of."
The record indicates that Helen Wise informed the hospital authorities that her father was a resident of Cass county. After her father's death, she informed the funeral director that her father was a resident of Cass county.
The records of the Michigan bureau of vital statistics indicate that George Randall Fox died on June 3, 1963, and that he was a resident of Cass county, township of Wayne, Wilderness farm.
A Kalamazoo Gazette obituary notice on June 4, 1963, reported the death of Mr. George R. Fox of Wilderness farm, Dowagiac, Michigan.
We agree with the Kalamazoo probate court and the Kalamazoo circuit court that George Randall Fox was not a resident of Kalamazoo county at the *511 time of his death. The order dismissing the appeal and petition for the probate of the will of George R. Fox in Kalamazoo county for lack of jurisdiction is affirmed, with costs to the appellee.
BURNS, P.J., concurred.