WILLIAMS v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 147971. Submitted June 3, 1993, at Grand Rapids. Decided
November 15, 1993, at 9:55 A.M.

Gerard Williams brought an action in the Kent Circuit Court
against State Farm Mutual Automobile Insurance Company,
the no-fault automobile insurer of his parents, seeking personal
protection insurance benefits for injuries he sustained in an
automobile accident in Oklahoma while en route to his parents'
home in Michigan, where he intended to reestablish his domi-
cile after living in Nevada. The court, George S. Buth, J.,
granted summary disposition for Williams, ruling that he was
domiciled in his parents' household at the time of the accident
and therefore was entitled to personal protection insurance
benefits pursuant to MCL 500.3111; MSA 14.13111 and MCL
500.3114(1); MSA 24.13114(1). State Farm appealed, contesting
the determination of Williams' domicile.

The Court of Appeals *held:*

Factors considered in determining whether a person is domi-
ciled in the household of an insured include: the subjective or
declared intent of the person to remain indefinitely or perma-
nently in the insured's household; the formality or informality
of the relationship between the person and the members of the
insured's household; whether the place where the person lives
is in the same house, within the curtilage, or upon the same
premises as the insured; and the existence of another place or
lodging for the person alleging domicile in the household. Also
relevant are the person's mailing address, whether the person
maintains possessions at the insured's home, whether the in-
sured's address appears on the person's driver's license and
other documents, whether a bedroom is maintained for the
person at the insured's home, and whether the person is
dependent upon the insured for financial support or assistance.
In this case, consideration of these factors leads to the conclu-
sion that Williams' domicile was his parents' household in
Michigan.

Affirmed.

MacKENZIE, J., dissenting, stated that a person in transit
between a former residence and an intended future residence

remains domiciled in the former location until physically present in the intended new location.

*Schenk, Boncher & Prasher* (by *Dan E. Bylenga, Jr.*), for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for the defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and MacKENZIE, JJ.

HOLBROOK, JR., J. In this action for no-fault insurance benefits, plaintiff presented a claim for personal injury protection benefits. Defendant is the no-fault insurer of plaintiff's parents, who live in Grant, Michigan. On May 24, 1990, the trial court granted plaintiff's motion for summary disposition under MCR 2.116(C)(10). On December 13, 1991, the trial court entered a judgment in favor of plaintiff for medical expenses, reimbursement for replacement services, and work-loss benefits. Defendant appeals as of right. We affirm.

After graduating from high school in Grant, Michigan, in 1984, plaintiff moved to Incline Village, Nevada, in August 1984. Plaintiff leased an apartment there, obtained a Nevada driver's license and car insurance, and opened a bank account. Plaintiff was employed in Nevada and later in California.

On December 31, 1987, plaintiff informed his parents that he was moving back to Michigan. Plaintiff quit his job, closed his bank account in Nevada and opened another one in Michigan, relinquished his apartment, forwarded his mail to his parents' address in Michigan, and loaded his personal belongings in his truck. On March 8, 1988, plaintiff left Nevada to move to Michigan.

On the way to Michigan, plaintiff was injured in

an automobile accident in Oklahoma on March 11, 1988. At the time of the accident, plaintiff had Nevada car insurance and Nevada license plates. Plaintiff also had personal belongings in his bedroom at his parents' house in Grant, Michigan, that he had left before moving to Nevada. After plaintiff arrived in Michigan, he moved into his parents' home rent-free for four months.

The issue in the trial court and the sole issue on appeal is whether plaintiff was domiciled in his parents' household at the time of the accident and therefore entitled to no-fault benefits. Two statutes are applicable. MCL 500.3111; MSA 24.13111 provides that personal injury protection benefits "are payable" for accidental bodily injury suffered in an accident occurring outside Michigan but within the United States or Canada if the injured person at the time of the accident was the named insured, the insured's spouse, "a relative of either domiciled in the same household," or a qualified occupant. MCL 500.3114(1); MSA 24.13114(1) provides in relevant part:

> [A] personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident.

At the hearing regarding the motion for summary disposition, defendant argued that plaintiff's domicile in Nevada continued until he was physically present in Michigan. Plaintiff argued that he had renounced his domicile in Nevada and had replaced his domicile with his parents' home in Michigan. The trial court found that plaintiff was domiciled in Michigan because "all his bridges were burned in Nevada." In reaching its conclu-

sion, the trial court also gave "special weight" to plaintiff's intent to be domiciled in Michigan.

Under MCR 2.116(C)(10), summary disposition of all or part of a claim may be granted when there is no genuine issue with respect to any material fact except concerning the amount of damages, and the moving party is entitled to judgment or partial judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmoving party, the court must determine whether a record might be developed that will leave open an issue upon which reasonable minds could differ. *American Nat'l Fire Ins Co v Frankenmuth Mutual Ins Co,* 199 Mich App 202, 206; 501 NW2d 237 (1993). In the present case, none of the facts are in dispute and the trial court was left to determine as a matter of law whether plaintiff was domiciled in Michigan at the time of the accident.

In determining whether a person is domiciled in the same household as the insured, the following factors should be considered: (1) the subjective or declared intent of the person to remain indefinitely or permanently in the insured's household; (2) the formality or informality of the relationship between the person and the members of the insured's household; (3) whether the place where the person lives is in the same house, within the same curtilage, or upon the same premises as the insured; and (4) the existence of another place of lodging for the person alleging domicile in the household. *Workman v DAIIE,* 404 Mich 477, 496-497; 274 NW2d 373 (1979); *Dobson v Maki,* 184 Mich App 244, 252; 457 NW2d 132 (1990). This Court has stated that the following factors are also relevant in determining the domicile of an individual: (1) the person's mailing address; (2) whether the person maintains possessions at the insured's home; (3) whether the insured's address appears

on the person's driver's license and other documents; (4) whether a bedroom is maintained for the person at the insured's home; and (5) whether the person is dependent upon the insured for financial support or assistance. *Id.; Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675, 682; 333 NW2d 322 (1983).

Applying these considerations to the facts in the present case, we find no error in the trial court's determination that plaintiff was domiciled in Michigan at the time of the accident. Although the trial court improperly gave "special weight" to plaintiff's intent, see *Workman, supra* at 496, n 5, it is overwhelmingly clear that plaintiff was domiciled in his parents' household. We conclude that the trial court did not err in granting plaintiff summary disposition. Accordingly, the trial court's December 13, 1991, judgment is affirmed.

Affirmed.

SHEPHERD, P.J., concurred.

MACKENZIE, J. *(dissenting).* I disagree with the majority's conclusion that plaintiff is entitled to no-fault benefits under MCL 500.3111; MSA 24.13111 and MCL 500.3114(1); MSA 24.13114(1) because he was domiciled in his parents' Michigan home at the time he was injured.

The controlling facts are not in dispute. Plaintiff was injured in a motor vehicle accident in Oklahoma while in the process of moving from his old residence in Nevada to his parents' home in Michigan, which was his intended new residence. Defendant is the no-fault automobile insurance carrier for plaintiff's parents. MCL 500.3111; MSA 24.13111 and MCL 500.3114(1); MSA 24.13114(1) afford no-fault personal protection insurance benefits to a relative "domiciled" in the same house-

hold as a no-fault policyholder. The issue here, therefore, is whether plaintiff was domiciled in his parents' Michigan home at the time of the accident. In my opinion, he was not.

It is well established that, as a general rule, domicile requires two elements—intent and physical presence—and that these elements must concur in time. *Wisconsin Potowatomies of Hannahville Indian Community v Houston,* 393 F Supp 719, 732 (WD Mich, 1973), citing *In re Fox Estate,* 3 Mich App 501; 142 NW2d 866 (1966). Further, it is generally held that an old domicile is not abandoned until a new one has been established. *Wisconsin Potowatomies, supra* at 732, citing Restatement of Conflicts, § 15. See 1 Restatement Conflict of Laws, 2d, § 15, pp 61-62. As explained in 25 Am Jur 2d, Domicil, § 17, p 14:

> As a general rule, the principal elements of domicil, physical presence in the locality involved and intention to adopt it as a domicil, must concur in order to establish a new domicil. No change of domicil will result if either of these elements is absent. Intention to acquire a domicil without actual residence in the locality does not result in acquisition of a domicil . . . .

Applying this rule to a person moving from an old residence to a new residence, such as the plaintiff in this case, it is clear that the old domicile is not relinquished until the person is physically present at the intended new location.

> Since a domicil once established continues until a new one is acquired and a new domicil is not acquired until there has been a concurrence of intent and physical presence, it is held that the domicil of one who is in itinere from an old to a new home continues to be the old domicil until the new is reached. [25 Am Jur 2d, Domicil, § 35, p 26]

See also anno: *Domicil while in itinere from old to new home,* 5 ALR 296 ("It is a general rule that the domicil of one who is in itinere from an old to a new home continues to be the old domicil till the new is reached".)

Cases from other jurisdictions have recognized that persons moving from an old residence to a new one remain domiciled at the old location until they are physically present at the new location:

> When a person starts on an extended journey, intending never to return to the domicile he is leaving, and to establish a new domicile elsewhere, he does not lose the one left until the new one is actually established, and while in transit he retains the former domicile. [*Talley v Commonwealth,* 127 Va 516, 522; 103 SE 612 (1920).]

> Her domicile in California continued until she acquired a new one, even though she may have left California intending eventually to go to Utah and not to return to [California]. A new domicile cannot be acquired until a person actually lives in a new state with the intention of remaining there. [*Sampsell v Superior Court,* 32 Cal 2d 763, 774, n 2; 197 P2d 739 (1948); citations omitted.]

Other cases are in accord. See *Barhydt v Cross,* 156 Iowa 271; 136 NW 525 (1912); *In re Jones Estate,* 192 Iowa 78; 182 NW 227 (1921); *Boyd v Commonwealth,* 149 Ky 764; 149 SW 1022 (1912); *Ness v Comm'r of Corporations & Taxation,* 279 Mass 369; 181 NE 178 (1932); *Reynolds v Lloyd Cotton Mills,* 177 NC 412; 99 SE 240 (1919); *Northwestern Mortgage & Security Co v Noel Construction Co,* 71 ND 256; 300 NW 28 (1941).

In my opinion, the rule embodied in these authorities should be applied in this case. I would hold that persons in transit between a former residence and an intended future residence remain

domiciled at the former location until they are physically present at the intended new location. In this case, plaintiff, at the time of injury, had not yet arrived at his parents' home in Michigan, which he intended to be his new residence. He was therefore not domiciled in his parents' household. Because plaintiff was not domiciled in his parents' home, he was not entitled to personal protection insurance benefits under their no-fault policy. Accordingly, I would reverse.