SALINGER v HERTZ CORPORATION

Docket No. 157072. Submitted January 12, 1995, at Detroit. Decided
April 12, 1995; approved for publication May 23, 1995, at 9:25
A.M. Leave to appeal sought.

David Salinger brought an action in the Wayne Circuit Court
against Hertz Corporation and Auto Club Insurance Associa-
tion, seeking a declaration regarding which of the two defen-
dants was responsible for the plaintiff's medical expenses that
arose out of injuries sustained in an automobile accident. The
determination of the responsible defendant depended upon the
plaintiff's domicile. If the plaintiff, who was stationed with the
military in Maryland at the time of the accident, was domiciled
in Michigan on the date of the accident, then Auto Club would
be responsible under no-fault insurance policies issued to the
plaintiff's parents or brother. If his domicile was not in Michi-
gan, then Hertz would be responsible as the self-insurer of the
rental vehicle that the plaintiff was driving at the time of the
accident. The court, Richard P. Hathaway, J., determined that
the plaintiff was domiciled outside Michigan at the time of the
accident, denied Hertz' motion for summary disposition, and
granted summary disposition for Auto Club. Hertz appealed.

The Court of Appeals *held*:

The factors that should be considered in determining under
§ 3114(1) of the no-fault insurance act, MCL 500.3114(1); MSA
24.13114(1), whether a person is domiciled in the same house-
hold as an insured include: the subjective or declared intent of
the person to remain indefinitely or permanently in the in-
sured's household; the formality or informality of the relation-
ship between the person and the members of the insured's
household; whether the place where the person lives is in the
same house, within the same curtilage, or upon the same
premises as the insured; and the existence of another place of
lodging for the person alleging domicile in the household. Also
relevant are the person's mailing address, whether the person
maintains possessions at the insured's home, whether the in-
sured's address appears on the person's driver's license and
other documents, whether a bedroom is maintained for the
person at the insured's home, and whether the person is
dependent upon the insured for financial support or assistance.

In addition to the above factors, the person's military status is also relevant to the question of domicile. There is a presumption that military personnel retain domicile in their home state. In this case, consideration of these factors leads to the conclusion that the plaintiff was domiciled in Michigan at the time of the accident.

Reversed and remanded for entry of a judgment for Hertz.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Hertz Corporation.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Edwin F. Dyer, II*) (*Nancy L. Bosh,* of Counsel), for Auto Club Insurance Association.

Before: CONNOR, P.J., and WAHLS and SAAD, JJ.

PER CURIAM. Plaintiff brought this action for a declaratory judgment to determine which one of the two defendants—both automobile insurers—is responsible for plaintiff's medical expenses that arose out of injuries sustained during an automobile accident. Under the provisions of Michigan's no-fault act, MCL 500.3114(1); MSA 24.13114(1), this determination depends upon plaintiff's place of domicile, which is not defined in the statute. If plaintiff's domicile was in Michigan, then defendant Auto Club Insurance Association is responsible under no-fault policies issued to plaintiff's parents or brother. If plaintiff's domicile was not in Michigan, then defendant Hertz Corporation is responsible as the self-insurer of the rental vehicle that plaintiff drove at the time of the accident. On cross motions for summary disposition, the trial court determined that plaintiff was domiciled outside Michigan at the time of the accident. We reverse the decision of the trial court for the reasons stated below.

At the outset, we should note that there is no

dispute that this case depends upon a determination of plaintiff's domicile, in accordance with MCL 500.3114(1); MSA 24.13114(1). The parties are in agreement with regard to the underlying facts, and the question of plaintiff's domicile is a matter of law for the Court.

This Court recently summarized the factors that should be considered in determining a person's domicile under MCL 500.3114; MSA 24.13114, as follows:

> In determining whether a person is domiciled in the same household as the insured, the following factors should be considered: (1) the subjective or declared intent of the person to remain indefinitely or permanently in the insured's household; (2) the formality or informality of the relationship between the person and the members of the insured's household; (3) whether the place where the person lives is in the same house, within the same curtilage, or upon the same premises as the insured; and (4) the existence of another place of lodging for the person alleging domicile in the household. *Workman v DAIIE,* 404 Mich 477, 496-497; 274 NW2d 373 (1979); *Dobson v Maki,* 184 Mich App 244, 252; 457 NW2d 132 (1990). This Court has stated that the following factors are also relevant in determining the domicile of an individual: (1) the person's mailing address; (2) whether the person maintains possessions at the insured's home; (3) whether the insured's address appears on the person's driver's license and other documents; (4) whether a bedroom is maintained for the person at the insured's home; and (5) whether the person is dependent upon the insured for financial support or assistance. *Id.; Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675, 682; 333 NW2d 322 (1983). [*Williams v State Farm Mutual Automobile Ins Co,* 202 Mich App 491, 494-495; 509 NW2d 821 (1993).]

In addition to the factors outlined in *Williams,*

*supra,* plaintiff's military status is also relevant to the question of domicile. Because military personnel often do not have a choice of where they are stationed, there is a presumption in favor of retaining domicile in one's home state. Cf. MCL 168.11; MSA 6.1011 (Michigan Election Law); 50 USC app 574 (Soldiers' and Sailors' Civil Relief Act of 1940); *Trotter v Trotter,* 503 So 2d 1160, 1162 (La App, 1987); *Trezza v State Farm Mutual Automobile Ins Co,* 519 So 2d 649, 651-652 (Fla App, 1988).

After reviewing the various factors for determining domicile under *Williams, supra,* and considering plaintiff's military status, we conclude that plaintiff was domiciled in Michigan at the time of the accident.

Under the first factor of *Williams, supra,* concerning plaintiff's "subjective or declared intent," there is no evidence that plaintiff intended to create a domicile outside Michigan. Although plaintiff was stationed with the military in Maryland at the time of the accident, plaintiff's temporary military address does not affect his domicile. The parties are in general agreement that plaintiff was domiciled in Michigan before he enlisted in the military. Thus, this factor tends to favor Hertz.

Next, under the second factor, concerning the "formality or informality of the relationship between the person and the members of the insured's household," this factor favors Hertz because there were informal family relationships between plaintiff and his brother, and plaintiff and his parents, such that plaintiff was free to treat his relatives' homes as his own.

Under the third factor, it is clear that plaintiff resided at the same premises with his family while he was staying in Michigan. Thus, this factor favors Hertz.

Fourth, it is true that plaintiff had "another place of lodging" with the military in Maryland. However, as discussed above, that place of lodging does not demonstrate an intent to create a new domicile because of the transitory nature of military service.

Fifth, plaintiff's permanent mailing address at his parents' home in Michigan supports Hertz' argument that plaintiff was domiciled in Michigan.

The sixth factor also favors Hertz because plaintiff maintained some of his personal possessions with his family in Michigan.

Under the seventh factor, plaintiff used his parents' address on both his driver's license and his voter registration. The fact that plaintiff used his parents' address in Michigan for these official documents strongly suggests that plaintiff's domicile was in Michigan.

Under the eighth factor, it does not appear that a separate room was maintained for plaintiff by his family in Michigan. However, plaintiff did have the use of the guest room in his parents' house.

Finally, under the ninth factor, there was no evidence that plaintiff's family in Michigan provided him with any financial support or assistance. As such, this factor tends to favor Auto Club. However, it is the balance of all of the factors that determines domicile.

After considering all of the relevant factors—and, particularly, in light of plaintiff's military status—we hold that the finding below, though a close question of law, should have been that plaintiff was domiciled in Michigan. The majority of the factors from *Williams, supra,* weigh in favor of Hertz. The evidence demonstrates that plaintiff was domiciled in Michigan originally; and, plaintiff did not revoke that domicile when he joined the military.

Accordingly, we reverse and remand to the trial court for entry of a judgment for appellant Hertz Corporation.