*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAITLIN HAHN,

        Plaintiff-Appellee,

v

GEICO INDEMNITY COMPANY,

        Defendant-Appellant,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant.

PUBLISHED
February 15, 2024
9:00 a.m.

No. 362454
Oakland Circuit Court
LC No. 2016-152229-NF

Before: GADOLA, C.J., and BORRELLO and BOONSTRA, JJ.

BOONSTRA, J.

Defendant Geico Indemnity Company (Geico) appeals by right following the entry of a stipulated judgment awarding plaintiff $1,200,000 in personal protection insurance (PIP) benefits under the Michigan no-fault act, MCL 500.3101 *et seq.* On appeal, Geico challenges the trial court's earlier orders denying Geico's motion for summary disposition under MCR 2.116(C)(10) and granting plaintiff's motion for partial summary disposition as to liability. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On July 18, 2015, plaintiff was a passenger in a GMC pickup truck owned and operated by her husband, Zachary Waller (Waller). While Waller was driving in Monroe County, at approximately 4:00 a.m., he fell asleep, lost control of his vehicle, drove into a ditch, and struck two trees. Plaintiff sustained serious injuries and was rendered a quadriplegic. Waller's vehicle was insured under an automobile policy issued by Geico in North Carolina. Although plaintiff and Waller were from Michigan, Waller, an active-duty United States Marine, had been stationed at Camp Lejeune in North Carolina since 2013. Plaintiff traveled from Michigan to North Carolina in April 2015, where she married Waller in May of that year. The couple was driving back to

-1-

Michigan from North Carolina on the day of the accident. In correspondence dated February 22, 2016, Geico informed plaintiff that its liability for benefits was limited to $500,000 under MCL 500.3163 (limiting an insurer's liability for injuries arising from the ownership, operation, maintenance, or use of a motor vehicle in Michigan by an out-of-state resident).

Plaintiff subsequently brought this action against Geico, seeking a declaration of her rights and entitlement to Michigan no-fault benefits, which plaintiff argued were not limited by MCL 500.3163. Geico filed a motion for summary disposition in which it challenged its liability beyond the limitations of MCL 500.3163. In January 2017, the trial court ruled that because Waller was in the military, he was still domiciled in Michigan and plaintiff, as his spouse, was also domiciled in Michigan. Therefore, they were not out-of-state residents and MCL 500.3163 did not apply. The trial court determined that Geico's liability for Michigan no-fault benefits should instead be determined under MCL 500.3012 (allowing a nonconforming liability insurance policy to be conformed to the requirements of Michigan law), but found that there were genuine issues of material fact regarding the application of this statute.

This Court granted Geico's interlocutory application for leave to appeal the trial court's decision.[1] Subsequently, in considering that appeal, this Court, relying on *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38; 592 NW2d 395 (1998), affirmed the trial court's ruling that there were genuine issues of material fact regarding whether Geico knew, or should have known, that Waller was a Michigan resident when it issued its policy such that the policy could be reformed in accordance with MCL 500.3012. *Hahn v Geico Indem Co*, unpublished per curiam opinion of the Michigan Court of Appeals, issued June 12, 2018 (Docket No. 336583) ("*Hahn I*"), pp 4-5. In particular, this Court held that "*Farm Bureau Ins Co* indicates that if an insurer knows, or has reason to know, that the individual seeking insurance is a Michigan resident, but the insurer nonetheless issues a policy that does not provide Michigan no-fault coverage, MCL 500.3012 may be invoked to reform the policy to one providing Michigan no-fault coverage." *Id*. at 5. Although this Court noted that there was evidence supporting reformation under MCL 500.3012, it concluded that summary disposition in favor of plaintiff on that issue was premature, because only limited discovery had been conducted and discovery had not been completed regarding the potential applicability of MCL 500.3012. *Id*.

After the case returned to the trial court and further discovery was conducted, Geico renewed its motion for summary disposition, arguing that there was no genuine issue of material fact that reformation was not available under MCL 500.3012 because it issued the policy as a North Carolina policy. The trial court denied that motion. Plaintiff then moved for summary disposition under MCR 2.226(C)(10) on the issue of liability, arguing that there was no genuine issue of material fact that the policy should be reformed under MCL 500.3012 to include Michigan PIP benefits because Geico knew, or should have known, that Waller was a Michigan resident when it issued the policy. The trial court granted plaintiff's motion. Thereafter, the parties stipulated that plaintiff's damages were $1,200,000, and the trial court entered a final judgment for plaintiff, preserving Geico's right to appeal the court's prior decisions denying Geico's motion

---

[1] *Hahn v Geico Indem Co*, unpublished order of the Court of Appeals, entered May 17, 2017 (Docket No. 336583).

-2-

for summary disposition and granting partial summary disposition in favor of plaintiff. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(10) when, viewing the evidence submitted by the parties in the light most favorable to the party opposing the motion, "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016).

We review de novo issues of statutory interpretation. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 102; 754 NW2d 259 (2008). We also review de novo the interpretation of insurance policy language. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014).

## III. ANALYSIS

Geico argues that the trial court erred by denying its motion for summary disposition and by instead granting partial summary disposition in favor of plaintiff as to liability. We disagree.

Geico does not dispute that the evidence established that it knew or should have known that Waller was a Michigan resident when it issued its automobile policy. It argues, however, that the trial court erred by determining that such knowledge, standing alone, was sufficient to justify reformation of the policy under MCL 500.3012. Geico maintains that reformation requires plaintiff to establish both that it knew or should have known that Waller was a Michigan resident when it issued the policy *and* that it issued the policy as one purporting to be a Michigan policy in compliance with Michigan law. It argues that the evidence failed to show that it purported to issue a Michigan policy, or that there are at least genuine issues of material fact with regard to that issue, thereby precluding summary disposition for plaintiff. We conclude that the trial court did not err by rejecting Geico's legal arguments.

MCL 500.3012 recognizes that insurance policies that omit certain provisions required by statute can be reformed to comply with statutory requirements, and provides:

> Such a liability insurance policy issued in violation of sections 3004 through 3012 [MCL 500.3004 through MCL 500.3012] shall, nevertheless, be held valid but be deemed to include the provisions required by such sections, and when any provision in such policy or rider is in conflict with the provisions required to be contained by such sections, the rights, duties and obligations of the insured, the policyholder and the injured person shall be governed by the provisions of such sections: Provided, however, That the insurer shall have all the defenses in any action brought under the provisions of such sections that it originally had against its insured under the terms of the policy providing the policy is not in conflict with the provisions of such sections.

In *Farm Bureau Ins Co*, the trial court had ordered Allstate Insurance Company to pay Michigan no-fault benefits to a Michigan resident under a policy, issued in Indiana, that did not require such benefits. *Farm Bureau Ins Co*, 233 Mich App at 39-40. This Court reversed the trial court's decision because there was "no reasonable basis in the record to conclude that Allstate violated Michigan law in issuing an Indiana insurance policy . . . because there is no evidence from which one may reasonably determine that Allstate should have known that [the insured] was a Michigan resident." *Farm Bureau Ins Co*, 233 Mich App at 41, citing MCL 500.3012. This Court explained when it is appropriate to apply MCL 500.3012, stating:

> In our view, it is evident that the basic purpose of § 3012 is to treat an insurance policy that an insurer issues *purporting to be a Michigan policy that complies with Michigan law* as such even if the written terms of the policy are inconsistent with Michigan law. See, e.g., *Adrian School Dist v Michigan Public School Employees Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998) (primary goal of statutory construction "is to ascertain and give effect to the intent of the Legislature"). Simply put, the Indiana insurance policy issued by Allstate in this case was not issued "in violation of" the no-fault act because Allstate neither purported to issue a policy that complied with Michigan's no-fault act nor knew that it was dealing with a Michigan resident.
>
> Indeed, the Michigan Supreme Court in one of the cases relied on by the dissent was referring to a policy issued by a company that purported the policy provided statutorily required no-fault insurance:
>
>> It would be unconscionable to permit an insurance company *offering statutorily required coverage* to collect premiums for it with one hand and allow it to take the coverage away with the other by using a self-devised "other insurance" limitation. Nothing could more clearly defeat the intention of the Legislature. [*Blakeslee v Farm Bureau Mut Ins Co of Michigan*, 388 Mich 464, 474; 201 NW2d 786 (1972) (emphasis added).]
>
> Further down on the same page of the *Blakeslee* opinion, the Court stated, as quoted by the dissent:
>
>> Given this clear purpose and the mandatory language of the statute, such language must be read into those provisions of a policy of insurance that differ or vary from the statutory language. [*Id*.]
>
> In our view, the portion of *Blakeslee* cited by the dissent stands for the basic principle that an insurer purporting to provide a Michigan no-fault automobile insurance policy may not include provisions that reduce the benefits an insured may obtain below the amount to which the insured would be entitled under the no-fault act. We cannot construe *Blakeslee* as requiring an insurance policy issued in good faith by an insurer outside this state to a person who provides no indication to the insurer of being a Michigan resident as if it were a Michigan no-fault insurance policy.

-4-

It is common knowledge that Michigan "no-fault" automobile insurance policies are generally more expensive than automobile insurance policies from states such as Indiana that do not have "no-fault" laws. To generally hold that such an out-of-state policy entered into by a Michigan resident would be treated as if it were a Michigan "no-fault" policy might well assist some unscrupulous Michigan residents to obtain a Michigan no-fault policy at the lower rate of an out-of-state policy. We will not construe § 3012 in such a manner and, thus, we conclude that it has no application to the Indiana insurance policy that Allstate issued to its insured in this case. See, e.g., *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998) ("[s]tatutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest"). [*Farm Bureau Ins Co*, 233 Mich App at 41-43 (emphasis in original).]

The Court in *Farm Bureau Ins Co* observed that "[f]rom all indications, Allstate's insured only used an Indiana address in connection with the transaction" and concluded that "Allstate could not reasonably have been expected to have known when the policy was issued that its insured was actually a Michigan resident." *Id*. at 43. The Court also declined to impose a duty on an insurer who does business in Michigan and other states to routinely investigate every person who seeks automobile insurance outside of Michigan using a non-Michigan address to determine whether that person is a Michigan resident. *Id*. at 43-44.

Geico now argues that the trial court erred by determining that, under *Farm Bureau Ins Co*, an out-of-state insurance policy can be reformed under MCL 500.3012 to comply with Michigan law merely upon proof that the insurer knew or should have known that the insured was a Michigan resident when it issued its policy. Geico argues that *Farm Bureau Ins Co* also requires that the insurer have issued what purported to be a Michigan policy for an insured to be entitled to reformation under MCL 500.3012. We disagree.

In *Hahn I*, this Court interpreted *Farm Bureau Ins Co* as requiring proof that Geico knew, or should have known, that Waller was a Michigan resident when it issued the policy in order to reform that policy under MCL 500.3012, stating that "*Farm Bureau Ins Co* indicates that if an insurer knows, or has reason to know, that the individual seeking insurance is a Michigan resident, but the insurer nonetheless issues a policy that does not provide Michigan no-fault coverage, MCL 500.3012 may be invoked to reform the policy to one providing Michigan no-fault coverage." *Hahn I*, unpub op at 5. The trial court concluded that there were genuine issues of material fact with regard to whether Geico knew, or should have known, that Waller was a Michigan resident who required a Michigan no-fault policy, which, "[u]nder *Farm Bureau Ins Co*, . . . is enough to trigger the potential applicability of MCL 500.3012." *Hahn I*, unpub op at 5. This Court in *Hahn I*, while quoting *Farm Bureau Ins Co*'s statement that "the Indiana insurance policy issued by Allstate in this case was not issued "in violation of" the no-fault act because Allstate neither purported to issue a policy that complied with Michigan's no-fault act nor knew that it was dealing with a Michigan resident," did not find it necessary to determine that Geico had issued a policy that purported to comply with Michigan law in order to conclude that the evidence supported the potential applicability of MCL 500.3012. *Id*. This interpretation of *Farm Bureau Ins Co* stands as law of the case. See *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

In any event, even if this issue was not foreclosed by *Hahn* I, we do not agree with Geico that this Court in *Farm Bureau Ins Co* intended to adopt a two-part test under which, to obtain reformation under MCL 500.3012, it is necessary to prove that (1) the insurer knew, or had reason to know, that the insured was a Michigan resident, *and* (2) that the insurer issued a policy that purported to be a Michigan policy. In *Farm Bureau Ins Co*, 233 Mich App at 42, this Court concluded that the Indiana policy "was not issued 'in violation of' the no-fault act because Allstate *neither* purported to issue a policy that complied with Michigan's no-fault act *nor* knew that it was dealing with a Michigan resident." (Emphasis added). The disjunctive indicates that reformation under MCL 500.3012 can occur if either (1) the insurer knew or should have known that it was dealing with a Michigan resident but nonetheless issued an out-of-state policy, *or* (2) the insurer issued a policy that purported to be compliant with Michigan law but in fact contained terms inconsistent with Michigan law. See *Caldwell v Chapman*, 240 Mich App 124, 131; 610 NW2d 264 (2000) (noting that the word "or" usually indicates alternatives that are to be treated separately); see also *Kennard v Liberty Mut Ins Co*, 341 Mich App 47, 52; 988 NW2d 797 (2022) (stating that the question in *Farm Bureau Ins Co* was "whether the insurer knew or had reason to know that it was "dealing with a Michigan resident" at the time the policy was issued. If an insurer had such knowledge but nevertheless issued an out-of-state policy to a Michigan resident, we construed MCL 500.3012 to permit a trial court to reform the out-of-state policy to include the missing Michigan PIP benefits.").

In this case, the trial court did not err by determining that there were no genuine issues of material fact regarding Geico's knowledge that Waller was a Michigan resident at the time it issued its automobile insurance policy. Accordingly, it did not err by denying Geico's motion for summary disposition and granting plaintiff's motion. The evidence established that Geico was aware when it issued the policy that Waller had a valid Michigan driver's license, and Waller listed a Michigan address on the face of the policy. Geico was also aware that Waller was present in North Carolina because he was stationed in the military. The declarations page of Geico's policy noted that Waller's vehicles would be garaged in North Carolina at a military base. As this Court observed in *Hahn* I, "an individual's temporary military address has little or no effect on one's place of domicile for purposes of the no-fault act." *Hahn I*, unpub op at 5, citing *Salinger v Hertz Corp*, 211 Mich App 163, 166-167; 535 NW2d 204 (1995). Geico has not identified any additional evidence produced on remand that establishes a genuine issue of material fact regarding whether Geico was unaware of Waller's Michigan residency when it issued its policy. Geico also does not dispute that plaintiff, as Waller's spouse, qualifies as an insured under Waller's policy.

Geico does argue, once again, that the relevant holding in *Farm Bureau Ins Co* is obiter dictum that we need not follow, but this Court expressly rejected that argument in *Hahn* I, unpub op at 6, and that determination is the law of the case. *Grievance Administrator*, 462 Mich at 260[2].

---

[2] Relatedly, Geico's reliance on Justice MARKMAN'S dissenting statement in the Supreme Court's order denying leave to appeal in *Hahn I*, see *Hahn v Geico Indem Co*, 505 Mich 1008 (2020) (*Hahn II*) (MARKMAN, J, dissenting), is misplaced. First, dissenting statements are not binding because they convey only the reasoning of the individual justices who sign them and not the reasoning of the Court. *Duncan v State*, 488 Mich 1019; 791 NW2d 721 (2010); *People v*

*Geico* also argues that this Court should decline to follow *Farm Bureau Ins Co* because the analysis in that decision is legally flawed. MCR 7.215(C)(2) provides that "[a] published opinion of the Court of Appeals has precedential value under the rule of stare decisis." In *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 697-698; 706 NW2d 204 (2005), this Court explained:

> As noted in *W A Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004), "[t]he rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties." The rule of stare decisis mandates that published decisions of this Court are precedential and binding on lower courts and tribunals. MCR 7.215(C)(2). "[A] case is stare decisis on a particular point of law if the issue was 'raised in the action decided by the court, and its decision made part of the opinion of the case.' " *Terra Energy, Ltd v Michigan*, 241 Mich App 393, 399; 616 NW2d 691 (2000), quoting 20 Am Jur 2d, Courts, § 153, p 440.

Further, MCR 7.215(J)(1) states that "a panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." Because *Farm Bureau Ins Co* was decided after November 1, 1990, and it has not been reversed or modified by our Supreme Court or by a special panel of this Court, it is binding under MCR 7.215(J)(1), even if we were to conclude that it was incorrectly decided. In the latter instance, we would be limited to indicating that we are following *Farm Bureau Ins Co* only because we are required to do so and issuing a published decision explaining our disagreement, MCR 7.215(J)(2), and invoking the conflict-resolution procedure in MCR 7.215(J)(3)-(6). However, because we are not persuaded that *Farm Bureau Ins Co* was incorrectly decided, we decline Geico's invitation to declare a conflict with that decision.[3]

In sum, the trial court did not err by ruling that reformation of Geico's policy under MCL 500.3012 to include mandatory coverage for Michigan PIP benefits was appropriate, because there is no genuine issue of material fact that Geico knew, or should have known, that Waller was

---

*Woolfolk*, 304 Mich App 450, 478; 848 NW2d 169 (2014); *Rhode v Ann Arbor Pub Sch*, 265 Mich App 702, 707; 698 NW2d 402 (2005). Second, Justice Markman concurred in the Court's denial of leave to appeal the issues of whether MCL 500.3012 permits reformation of a non-Michigan insurance contract to comply with the requirements of the no-fault act, and whether *Farm Bureau Ins Co* was correctly decided; he would only have granted leave to appeal on "the narrower . . . question of whether the insurance policy issued by Geico purported to be a Michigan insurance policy." *Hahn II*, 505 Mich at 1008 (MARKMAN, J, dissenting). Given our interpretation of *Farm Bureau*, it is unnecessary for us, in any event, to alternatively consider that narrower issue.

[3] Contrary to Geico's argument that MCL 500.3012 does not permit reformation of policies to include no-fault coverage under MCL 500.3101 *et seq.* because the statute provides that it is limited to policies issued under MCL 500.3004 through MCL 500.3011, we note that MCL 500.3009(4) references automobile polices that omit coverage under the no-fault act. Therefore, we are not persuaded that the scope of MCL 500.3012 does not extend to reformation of automobile polices to include Michigan no-fault coverage.

-7-

a Michigan resident when it issued the policy. Contrary to Geico's argument, it was not necessary for plaintiff to additionally demonstrate that Geico issued the policy as one purporting to be compliant with Michigan law. Accordingly, we affirm the trial court's orders denying Geico's motion for summary disposition and granting summary disposition in favor of plaintiff on the issue of Geico's liability for PIP benefits.

Affirmed.


/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Stephen L. Borrello